STEPHEN GOSSELIN

v.

THE CITY OF CHICAGO.

*Filed at Ottawa May 12, 1882—Rehearing denied September Term, 1882.*

1. DEDICATION FOR STREETS—*what becomes of the fee.* A statutory dedication vests the legal title to the soil, marked and properly designated for streets, in the city, while a common law dedication leaves the legal title in the original owner.

2. SAME—*insufficient acknowledgment of plat—estoppel—common law dedication.* The owners of land laid out into lots and streets by an agent not authorized to acknowledge the plat thereof, by the sale of the lots will be estopped from questioning the existence of the streets. Such acts will constitute a dedication at common law.

3. TOWN PLAT—*acknowledgment by attorney in fact—its effect.* Under the "Act providing for the recording of town plats," in force February 27, 1833, an attorney in fact was not authorized to acknowledge such plats, and a plat so acknowledged will not vest the legal title of the streets in the corporation.

4. POWER OF ATTORNEY *to sell and convey—extent of authority given thereby.* A power of attorney to sell and convey real estate simply, confers no power to lay off the same into town lots, so as to vest the fee of the streets in the municipality for the use of the public, nor does it authorize the agent to make a partition.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

Mr. HENRY BOOTH, and Mr. F. W. YOUNG, for the appellant:

Under the act of 1833, the plat of land laid out into lots, etc., was required to be acknowledged by the proprietor of the land. It could not be acknowledged by an attorney in fact. Laws 1833, p. 599.

This mode of passing the title, namely,—by making, acknowledging and recording the plat,—is entirely a creation of the statute, and nothing short of a compliance with all the terms of the statute will make it effectual.

Where the corporate authorities of a town claim the fee to the streets and alleys within its limits, it must appear that a plat has been regularly made and recorded. In such case it is the acknowledgment and recording of the plat that vests the fee in the corporation. *Manly* v. *Gibson,* 13 Ill. 312.

The difference between a statutory and a common law dedication is, that the one vests the legal title to the ground set apart for public purposes in the municipal corporation, in trust for the public, while the other leaves the legal title in the original owner. *Chicago, Rock Island and Pacific R. R. Co.* v. *Joliet,* 79 Ill. 32.

The city may acquire the right to the use of the street or road "by dedication or common user, and in such case the fee would remain in the original proprietor, burdened with a public easement." *Indianapolis, Bloomington and Western R. R. Co.* v. *Hartley,* 67 Ill. 442; *Gebhardt* v. *Reeves,* 75 Ill. 304.

There having been no proper acknowledgment, there was no statutory dedication. There was nothing more than an easement, and ejectment does not lie to recover an easement. 3 Blackstone's Commentaries, 206.

Ejectment is not the proper remedy for the disturbance of an easement. Tyler on Ejectment, 41; Adams on Ejectment, 20; Washburn on Easements, 693.

The proper remedy is by injunction, trespass, or case. Gale on Easements, 660; Goddard on Easements, 222.

Mr. FRANCIS ADAMS, for the appellee:

If the acknowledgment of the plat by an attorney was not authorized by law, there is abundant evidence that the principals ratified his act in making and recording the plat, and this removes the objection. *Smith* v. *Town of Flora,* 64 Ill. 93; *Gridley* v. *Hopkins,* 84 id. 528; *Hague* v. *Inhabitants of Hoboken,* 23 N. J. Eq. 354.

The mode prescribed by the statute of 1833 for dedicating land to the public for streets, etc., is a mere mode of con-

veyance. (*Morgan* v. *Railroad Co.* 96 U. S. 716.) And such conveyance may be made by an agent, or if made by one purporting to act as agent, but without prior authority, may be ratified.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was ejectment by the city of Chicago, against Stephen Gosselin, for a portion of Second street, particularly described in the declaration.

The court instructed the jury, on behalf of the plaintiff, as follows:

"There being no disputed question of fact, it becomes your duty to render the following verdict in this cause: We, the jury, find the defendant guilty, and that the plaintiff has title in fee simple to the premises described in the declaration."

The jury found in accordance with this instruction, and the only question we deem it necessary to consider is, did the proof show a statutory dedication so as to vest the fee of the soil of the street in the city?

A statutory dedication vests the legal title to the soil, marked and properly designated for streets, in the city, while a common law dedication leaves the legal title in the original owner. *Indianapolis, Bloomington and Western R. R. Co.* v. *Hartley*, 67 Ill. 439; *Gebhardt* v. *Reeves*, 75 id. 301; *Chicago, Rock Island and Pacific R. R. Co.* v. *City of Joliet*, 79 id. 25. In the present case, therefore, it may be conceded the proof established a good common law dedication without at all affecting the present question.

The soil originally belonged to Russell, Mather & Roberts, and the contention is, that through their attorney in fact, Gurdon S. Hubbard, they duly acknowledged and recorded a plat, having this street properly designated and marked thereon, on the 22d day of July, 1835, and that they thereby vested the fee of the street in the municipality. The statute

then in force in regard to the acknowledging and recording of such plats, was the "Act providing for the recording of town plats," in force February 27, 1833. (Rev. Stat. 1833, p. 599.) But that act nowhere authorizes attorneys in fact to acknowledge such plats. The provision is, that "county commissioners, or other person or persons," who "wish to lay out a town in this State, or an addition of out-lots, said commissioners, or other person or persons, shall cause the same to be surveyed, and a plat or map thereof made," etc. (Sec. 1.) The "county commissioners, proprietor or proprietors of the town, addition or subdivision of out-lots, by themselves or agent, shall, at the time of surveying and laying out the same, plant and fix at a corner of the public ground, or at the corner of a public lot, * * * a good and sufficient stone," etc. (Sec. 3.) And "the plat or map, after having been completed, shall be certified by the surveyor and the county commissioners; and every person or persons whose duty it may be to comply with the foregoing requisitions, shall, at or before the time of offering such plat or map for record, acknowledge the same before a justice of the Supreme Court, a justice of a circuit court, or a justice of the peace in the county where the land lies. A certificate of such acknowledgment shall be, by the officer taking the same, indorsed on the plat or map, which certificate of the survey and acknowledgment shall also be recorded, and form a part of the record." (Sec. 4.) The only thing here contemplated to be done by an attorney in fact, is the planting and fixing of "a good and sufficient stone" at the corners of the lots, public grounds, etc., and this requirement is imposed as a duty on the county commissioners, or proprietor or proprietors of the town, but allowed to be discharged by them through agents. It is the county commissioners, or other persons wishing to lay out a town, etc., who are to cause the survey to be made, and a plat or map thereof to be made, by the county surveyor, etc. And the persons referred to in section 3 as those

"whose duty it may be to comply with the foregoing requisi-
tions," are plainly only those whose duty it is to cause the
survey and plat to be made,—*i. e.*, those wishing to lay out
a town, etc.,—the proprietors.

Section 16 of the "Act concerning conveyances of real
property," in the Revised Statutes of 1833, (see page 135,)
provides, that "all powers, or letters of attorney or agency,
authorizing the granting, selling, conveying, assuring, releas-
ing or transferring, or for the executing or acknowledging of
any grants, sales, leases, assurances, or other conveyances or
writings whatever, concerning any lands and tenements, or
whereby the same may be affected in law or equity, shall
be acknowledged, or proved, and recorded, as hereinbefore
required in cases of deeds and other assurances, after which
all grants, conveyances and assurances made and acknowl-
edged pursuant to the powers granted, unless the same be
revoked by a deed duly acknowledged or proven, and recorded,
as aforesaid, shall be as valid and effectual as if executed
and acknowledged by the constituent or constituents." But
a town plat is neither a grant, conveyance, nor assurance.

As to the public grounds, streets, etc., it is true its effect
is that of a conveyance, but it goes further, and changes the
entire character of the property. Surely it could not be pre-
tended that under a specific power to sell and convey a tract
of land power would be implied to lay off towns; and if it
would require a particular specification in the deed to confer
this power, it can need no argument to prove that such an
instrument is not here contemplated. A power to sell, simply,
does not authorize a partition. *McQueen* v. *Farquhar,* 11
Vesey, 467; Sugden on Powers, (3d Am. ed.) vol. 2, p. 428.
The principle would seem to be entirely analogous to that
here involved.

That the original owners of the soil are, by their sales,
estopped from questioning the existence of the street, is con-
ceded, and so far as affects the public there would seem to

Syllabus.

be no ground to question but there has been a good common law dedication of the streets, but we do not think the statutory dedication was ever complete; and so we hold that the court erred in instructing the jury to find that the city has the fee in the street.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

Dickey and Sheldon, JJ.: We do not concur in this decision.