RICHARD RUSK

*v.*

ROBERT C. BERLIN *et al.*

*Opinion filed June 18, 1898.*

1. ESTOPPEL—*when parties are estopped to deny existence of a street.* Where, after platting land, the owner sells lots and blocks with reference to the streets therein described, both he and his grantees are estopped to deny the legal existence of such streets although there is not a sufficient statutory dedication, owing to the plat not being properly acknowledged.

2. STREETS AND ALLEYS—*right of abutting owner not confined to his own use of street.* The right of abutting owners to have a public street remain open is not merely that they may use the same, but that all persons may use it as a public highway, free from all claim or interference of the original proprietor, or those claiming under him, inconsistent with such use.

3. SAME—*when right to have street remain open is not lost.* The right of private owners to have a street remain open for public travel is not lost by the mere fact that the city has failed to indicate its acceptance of such street, by improving it or otherwise.

4. INJUNCTION—*when owners may enjoin assessment to pay condemnation judgment to open street.* The confirmation of a special assessment to pay a judgment rendered in a proceeding to condemn for a public street may be enjoined by the owners of property assessed, where it appears the land condemned was already subject to an easement for a public street, and that the owner of the fee, though estopped to deny the existence of the street, had fraudulently induced the city to condemn the interest it already possessed.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

E. S. CUMMINGS, for plaintiff in error.

ARNOLD TRIPP, for defendants in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This was a bill in chancery filed by the defendants in error in the Superior Court of Cook county, against the city of Chicago and the plaintiff in error, Richard Rusk,

to enjoin the city from proceeding to have a certain special assessment confirmed, which had been levied to pay a certain judgment of $4500 and costs, which judgment had been rendered in favor of said Rusk in a certain condemnation proceeding, as the alleged owner of a strip of land thirty-three feet wide lying along the north side of block 12, of Ogden's subdivision of the south-west quarter of section 18, in township 40, north, range 14, east. It was alleged in the bill that said strip, when so condemned for a public street, was already a part of the street; that it did not belong to Rusk, and that the condemnation and assessment proceedings were fraudulent and void, and upon the hearing the chancellor so found and decreed. The city of Chicago defaulted, and Rusk alone prosecutes this writ of error.

The defendants in error are the owners of property abutting upon the street and which is assessed to pay said judgment. They contend that the city authorities were imposed upon in passing the ordinance to condemn a piece of property for a public street which was already a part of such street, and in instituting the assessment proceeding to pay such judgment. It appears from the evidence that on July 17, 1865, William B. Ogden, who was then the owner of said quarter section of land, made a subdivision of the same into blocks, lots and streets, and made and recorded a plat of said subdivision, but his acknowledgment to the same was by his attorney in fact and not by him in person, and the contention of the plaintiff in error is that, the acknowledgment being defective, there was no dedication, under the statute, of the alleged street, and that as the owner of block 12, lying next south of said alleged street, his north line extended to the center thereof and embraced the thirty-three feet in question. It clearly appears from the original plat, which was given in evidence, that the acknowledgment thereof was by the attorney in fact of the owner of the land and. that it did not comply with the statute then in force.

There was not, therefore, by the making and recording of the plat, a sufficient statutory dedication. (*Gosselin* v. *City of Chicago*, 103 Ill. 623; *Thomsen* v. *McCormick*, 136 id. 135.) It appears, however, that after platting the land the owner sold the lots and blocks so platted with reference to the plat, and that the defendants in error purchased their lots with reference to this plat showing the respective strips set apart for streets, including the street in controversy upon which their lots abutted, and that plaintiff in error purchased said block 12 by the same plat. Besides, the plat showed the dimensions of plaintiff's said block, and showed that it did not embrace any part of the alleged street or that part of it contained in the thirty-three feet in controversy. The parties, therefore, including plaintiff in error, were estopped from denying the existence of the street. *Mason* v. *City of Chicago*, 163 Ill. 351, and cases there cited.

The evidence is conflicting as to the extent of the use of the street by the public, and there is but little evidence tending to show that the city of Chicago ever accepted the alleged dedication, but it is clear that it was used to some extent for public travel, that it was not abandoned, and that plaintiff in error never acquired any adverse title to it in any manner. In this case the city is claiming nothing, but was defaulted, and the question is one principally between private owners who had and still have the right to have this street remain open forever, and as said in *Earll* v. *City of Chicago*, 136 Ill. 277, (on p. 286,) "such right is not a mere right that the purchaser may use that street, but is a right vesting in the purchasers that all persons may use it,—that the sale and conveyance of lots according to the plat imply a grant or covenant to the purchasers of lots and their grantees that the public street indicated upon the plat shall be forever open to the use of the public as a public highway, free from all claim or interference of the proprietor, or those claiming under him, inconsistent with

such use, and that the owner, and all claiming under him, will be perpetually estopped from denying the existence of the street." The rights of defendants in error were not lost by the mere failure of the city to indicate its acceptance of the proffered dedication, by improving the street or otherwise. (*Zearing* v. *Raber*, 74 Ill. 409; *Hamilton* v. *Chicago, Burlington and Quincy Railroad Co.* 124 id. 235.) It is immaterial here that the title in fee to the street may not have vested in the city. If plaintiff in error owned the fee to the strip in question it was subject to the easement of its use as a public street, and the city did not undertake to condemn such fee,—did not in fact condemn anything belonging to plaintiff in error,— and it would be a palpable wrong to compel defendants in error, by a special assessment proceeding or otherwise, to pay plaintiff in error for land for a street which was already a street, and which they already had the right to use and to have remain open for the public to use forever as such street.

The bill prayed, and the court decreed, that the city be perpetually enjoined from having the special assessment confirmed and the plaintiff in error from interfering with such strip or with the city of Chicago in the exercise of its rights to take possession and improve said strip as a part of the street. The judgment entered in the condemnation proceeding was declared null and void and the city was enjoined from paying it. In this we find no error. We do not regard the decree as finding that the title in fee simple to the strip is in the city, but are of the opinion that the platting and use of the street, and the implied covenant, arising from the sale and purchase of lots and blocks abutting upon it, that it should forever remain open for use as a public street, have all the force and effect of a dedication at common law.

The decree is affirmed.

*Decree affirmed.*