## V. WIESS ET AL. V. A. F. GOODHUE ET AL.

Decided April 19, 1907.

**1.—Attorney in Fact—Power to Grant Street.**

An attorney in fact under a power of attorney authorizing him to sell, convey, lease or rent any and all the real estate belonging to his principal, and to do and perform all and every act and thing requisite and necessary to be done in and about the premises, had authority to change the subdivisions of a block of ground in a city and to lay out and establish an alley through the same in connection with the exercise of the power of sale and as an incident thereto.

**2.—Fee in Street.**

A sale of land bounded by a street, alley or road carries to the purchaser the fee to the center of the highway, unless otherwise provided expressly or by clear implication.

**3.—Same—Deed Construed.**

A deed to lots in a city which expressly refers to and makes a plat of the block and lots a part of the deed, from which plat it appears that the lots sold abut on an alley, and in which deed the grantor, being the owner of the block, covenants that the alley shall be kept open, passed to the grantee in the deed the fee to the center of the alley.

**4.—Description in Deed—Pointing out Boundaries.**

The description in a deed may be read in the light of the act of the grantor in pointing out the boundaries and enclosures, and the intention of the parties thus ascertained.

**5.—Limitation—Adverse Possession—Nature of Claim.**

If one in possession of land claims it against all the world, the statute of limitation is set in motion. But if he merely claims it tentatively, subject to the result of enquiry as to whether it is within his boundaries, his claim is not adverse.

Appeal from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*Duff, John & Davis* and *Hugh Jackson,* for appellants.—In order for a vendee to claim land by virtue of a deed which does not describe the land, it must be shown that the vendor pointed out the specific boundaries and the vendee purchased the land in reference to such boundaries, relying on them rather than the description in his deed, as being the boundaries of the land purchased. Bohny v. Petty, 81 Texas, 524; Windus v. James, 19 S. W. Rep., 873; Buchanan v. Moore, 15 Am. Dec., 601.

Where a party holds land, believing that it is embraced in the description of a deed, but with no intention to claim it as against the true owner, if it is not so described, limitation will not run in his favor unless the land is in fact described in the deed. Bruce v. Washington, 80 Texas, 368; Mhoon v. Cain, 77 Texas, 317; Satterwhite v. Rosser, 61 Texas, 172; Word v. Drouthett, 44 Texas, 370; Chance v. Branch, 58 Texas, 492; Blassingame v. Davis, 68 Texas, 596; Williams v. Rand, 9 Texas Civ. App., 631.

*A. T. Watts* and *Greer, Minor & Miller,* for appellees.—V. Wiess, having full power to sell and convey the land, and having pointed out to the purchasers the north line of the alley as the south boundary of the respective lots then being sold and conveyed to them, the entire title and estate in said land so pointed out to them passed to and vested in said Perkins and Goodhue, respectively, and left no title, interest or estate in appellants. Wright v. Isaacks, 95 S. W. Rep., 57; Pardue v. James, 74 Texas, 305; Windus v. James, 19 S. W. Rep., 873; Bird v. Pace, 26 Texas, 491; 48 Cent. Dig., Vendor and Purchaser, 824.

It has long been the settled law in this State that an estate may be estopped by acts of the administrator or executor. Thomas v. Brooks, 6 Texas, 371; Giddings v. Butler, 47 Texas, 545; Brown v. McConnell, 56 Texas, 231; Terrell v. McCown, 91 Texas, 245.

On the subject of the legal effect of a deed conveying property abutting a street and alley, see Mitchell v. Bass, 26 Texas, 380; Bond v. T. & P. Ry. Co., 15 Texas Civ. App., 282; Emerson v. Bedford, 21 Texas Civ. App., 263; Nicholson v. Campbell, 15 Texas Civ. App., 317; Snoddy v. Bolen, 25 S. W. Rep., 932.

On the subject that the power to convey a tract implies the power to subdivide and cut up a tract and convey lots with reference to existing streets, see Anthony v. City of Providence, 28 Atl. Rep., 767.

On the subject of ratification, see the following: Commercial Bank v. Jones, 18 Texas, 824; Zimpelman v. Keating, 72 Texas, 318; Reese v. Medlock, 27 Texas, 120; Moss v. Berry, 53 Texas, 633; Rutherford v. Montgomery, 14 Texas Civ. App., 319; Mecham's

Agency, secs. 140, 145 and 149; Frost v. Erath Cattle Co., 81 Texas, 505.

The appellants can not contradict the terms of the deed from V. Wiess to John B. Goodhue of date July 2, 1879, wherein it is stipulated that the easements and rights in the alley, and the obligation to keep it open, are a part of the consideration for the money and notes paid by Goodhue, because such consideration is contractual in its nature, and can not be contradicted. Texas & P. Coal Co. v. Lawson, 31 S. W. Rep., 846; Kahn v. Kahn, 94 Texas, 116.

GILL, CHIEF JUSTICE.—V. Wiess and his two children, Percy and Ruth Wiess, sued John B. Goodhue and wife and A. F. Goodhue and wife to recover a strip of land twenty feet wide and one hundred and eighty feet long off the north side of lots 241 and 242 of block 43 in the city of Beaumont. The suit was in trespass to try title and for damages. They subsequently brought another suit against the same parties for the recovery of a twenty-foot strip of equal length lying immediately south of that involved in the first suit and alleged to be a part of the same lots. To each suit the defendants pleaded not guilty and limitation of ten years, and other pleas making issues hereinafter mentioned.

From a judgment in the first suit there was an appeal which resulted in a reversal (79 S. W. Rep., 873; 98 Texas, 274), and the cause being remanded was consolidated with the second suit mentioned above. This is an appeal from a judgment in favor of defendants in that consolidated case for all the land in question except 5-24 of that included in the first suit, which fraction was adjudged to the two minors on their plea of minority as against the plea of limitation.

The litigation arose out of the following state of facts: Block 43 of the city of Beaumont was owned by V. Wiess and his wife, and was community property. In March, 1879, V. Wiess executed and delivered to his brother, William Wiess, a power of attorney empowering him "to sell, convey, lease or rent any and all my real estate in Jefferson county, Texas, and to further transact any and all matters pertaining to my interest in the mercantile business in Beaumont, Texas, giving and granting unto my said attorney full power and authority to perform and do all and every act and thing requisite and necessary to be done in and about the premises." V. Wiess then went to West Texas with his wife, who was ill.

William Wiess, acting under the power of attorney, sold and conveyed to John B. Goodhue lots 232 and 236 inclusive, they being the southern tier of lots of the block 43. These lots were only one hundred and twenty feet deep and their northern line, as originally platted, was the southern line of the two key lots 241 and 242. By the same deed and for the same consideration he conveyed a strip twenty feet in width and extending east and west through the block off the south side of key lots 241 and 242. (That this statement may be more easily understood we insert at this point a rough sketch of the block and its subdivisions:)

He embodied in the conveyance a plat of the block showing a twenty-foot alley extending east and west through the block just north of the twenty-foot strip conveyed by the deed. The plat and alley were referred to in the deed in the following terms: "A plat of said block and lots with the design of an alley twenty feet wide hereinafter obligated to be kept open east and west through the center of lots 241 and 242 as follows:" The stipulation was as follows: "I further agree and bind V. Wiess, his heirs, executors and administrators, in consideration of the aforesaid sum of money and promissory notes mentioned in this deed, to keep open the street or alley twenty feet wide running east and west through the center of . . . lots Nos. 241 and 242, and that the same shall never be closed up except by the consent of the owners of the property immediately adjoining it on either side thereof." The deed was placed of record on the day of its date. The consideration was $250 cash and two promissory notes for $250 each. V. Wiess returned to Beaumont with his wife, and the cash and notes were delivered to him. He

assigned the notes to Marx & Kempner of Galveston, and they were paid when due.

Mrs. V. Wiess died testate on September 8, 1879. By her will she devised to V. Wiess, her husband, one-half of her estate and to her children the other half. Three children survived her. Two are plaintiffs in this cause. The third died without issue.

Whether by the terms of the will the legal title of the entire devised estate was vested in V. Wiess was the question on the former appeal, and it was held that as to the children's interest the legal title was in them subject to certain charges in favor of V. Wiess and to the control and management given to him by that instrument. Its material parts are set out in the certificate to the Supreme Court on the former appeal, and the certificate is here referred to for the terms of the will. V. Wiess accepted the trust, took charge of the estate and thereafter kept it within his control and exercised over it the powers reposed in him by the testatrix. He has lived ever since on property adjacent to that in controversy with full knowledge of the conduct and claims of appellees, and had never protested against their claims until the filing of the first suit in 1900. The two children have been equally silent.

On the 23d day of December, 1881, V. Wiess for himself and in the exercise of his powers under the will sold and conveyed to Dr. Perkins lot 237 of block 43 of the City of Beaumont and enough land to the west of it to square the block. This is represented by the unnumbered lot in the northwest corner of the block which lay largely outside of the corporate limits and which had been purchased by V. Wiess for the purpose of squaring the block, as explained hereinafter. The land conveyed to Perkins was at that time fenced, the south line of the enclosure being on the north line of the alley as created by the deed to John B. Goodhue from William Wiess, attorney in fact, as set out above. Perkins testified that the alley was open at the time; that the land he intended to purchase was pointed out to him by V. Wiess as being within the enclosure, and he understood he was purchasing down to the alley, and he then and ever after construed his deed as so describing it. He so took possession of it, erected valuable improvements on it, and so held it until in 1884 he sold it to Mrs. Margaret Goodhue, wife of A. F. Goodhue. On the same day that Perkins bought, Mrs. Margaret Goodhue bought of V. Wiess lot 238. It also was enclosed, and the south fence was on the alley line, indicating that the lot had been extended to that point. The evidence is ample to sustain the contention that the lot was separately enclosed, there being testimony to the effect that there was a fence on Bonham street, and one each on the line of lots 237 and 239 and extending to and connecting with the line on the alley. The evidence is also sufficient to establish the contention that the lot was as extending to the alley, pointed out by V. Wiess to Mrs. Goodhue, and that that was what she intended to buy and what V. Wiess intended to sell. In 1884 Mrs. Margaret Goodhue became the owner of the unnumbered lot and lot 237. V. Weiss owned thereafter lot 239 and assisted in renewing and repairing the

division fence between 239 and 238 extending down to the alley. The fence on the alley was originally placed there by V. Wiess, or with his knowledge and at his expense. On the unnumbered lot as extending to the alley the Goodhues erected an opera house in 1892 which has been continuously maintained and used by them since that time. This building extended over on part of lot 237 as extended to the alley, and it may be broadly stated as a fact established that Mrs. M. Goodhue has had and held continuous and uninterrupted adverse possession of lot 238 extended to the alley ever since her purchase, cultivating, using and enjoying the same. That a like occupancy and use of lot 237 and the unnumbered lot as extended to the alley has been maintained since the purchase by Perkins. During all that time the alley has likewise been used as such by the defendants and other abutting property owners.

Block 43 was "squared" by V. Wiess after the death of his wife, he having purchased from Mrs. Luanza Calder enough land from the Tevis survey adjoining the block on the west to make the block a square. This block was fractional because of the location of the corporation line, the block touching the city's boundary on the northwest. The land thus acquired was the separate property of V. Wiess, and so passed by his deed or by limitation in case either of those contentions is sustained against him. The question of how far south this triangular piece of land extends is important in this case only because if it takes in a part of the twenty-foot strip on the west end of it the two children could not in any event recover any interest in that much of the strip, their interest coming only through their mother's will.

The trial court found that this triangle extended into the twenty-foot strip, so as to cover a part of it, in the form of a right angled triangle with a base on the north 5.53 feet in length and its west line 6.45 feet in length. The evidence, though conflicting, is ample to support the finding, and the description in the deed from Luanza Calder is not void for uncertainty. We thus, without further discussion, dispose of the assignments addressed to these two issues.

The appellants' contentions are: First, that William Wiess as attorney in fact was without authority to create the twenty-foot alley, and that the evidence is insufficient to show ratification by V. Wiess during the life of his wife. Second, the evidence is insufficient to show that by the deeds of V. Wiess to Dr. Perkins and Mrs. Goodhue anything more was intended to pass than the lots named as originally numbered and bounded on the city map, plus the Luanza Calder land to Dr. Perkins, and is insufficient to show that the parties intended that the land conveyed should extend down to the alley. Third, the evidence is insufficient to show that the twenty-foot strip was occupied adversely either by Dr. Perkins or the Goodhues, and the judgment should have been for the plaintiffs for the entire land sued for.

Appellees defend the judgment upon the affirmative of each of these propositions, and present a cross-assignment which we will dispose of in its proper connection.

As to the first contention we are of opinion that under the power of attorney the attorney in fact was authorized to establish the alley as an incident to the sale of the land. The language of the power is broad and full and clothes the attorney in fact with a large discretion. As said, in substance, in one of the cases cited below (Anthony's case), the property to be disposed of was city property. To lay the property off into lots and blocks and to allow and demark the necessary alleys was a necessary incident to the proper and advantageous exercise of the power to sell. Anthony v. City of Providence, 28 Atl. Rep., 767. The case cited seems a well considered case and in it the above doctrine is distinctly laid down. The distinction between the establishment of a street or alley in connection with the exercise of the power of sale and as an incident thereto, and an effort on the part of an attorney in fact, with simple power to sell, to dedicate land to the municipality for use as a street, is clearly recognized. The latter would not come within the power.

The case of Gosselin v. City of Chicago, 103 Ill., 623, cited by appellant, is not in point. The opinion contains expressions supporting the contention of appellant that an attorney in fact, with simple power to sell, can not plat land into lots and blocks, and there is good authority to that effect, but the case turned upon the distinction between statutory dedication under the laws of Illinois and a common law dedication, and that was the point decided. It is also true that the determination of the extent of the power conferred in any case depends at last upon the language of the power read and construed with reference to the character of property which the attorney in fact is authorized to sell.

In Wirt v. McEnery, 21 Fed. Rep., 233, the court followed Gosseline's case, but distinguished it in accord with the facts. The case is of no value upon the point at issue.

In First Nat. Bank of Nacogdoches v. Hicks, 24 Texas Civ. App., 271, it is held that authority to sell does not include power to mortgage, and St. Louis S. W. Ry. Co. v. Bramlette, 35 S. W. Rep., 25, announces the doctrine that power to sell land does not include the power to sell the timber thereon separate from the land. The distinction is plain, for neither the mortgage in the one case nor the sale of the timber in the other was a necessary or natural incident of the power to sell. None of the authorities cited by appellant are applicable to the point.

But, if our conclusion upon this point be erroneous, the alley is nevertheless established in the most binding way, for the evidence to our minds is ample to sustain the finding of the trial court that V. Wiess prior to the death of his wife ratified the act of his attorney in fact in creating the alley and thus changing the conformation of the block. This conclusion is confirmed by his consistent course since that time in conforming his own acts and deeds to the changed conditions, and permitting others to do likewise without protest. By the establishment of the alley the two key lots (241 and 242) were practically destroyed as lots, since the usefulness of the twenty-foot

strips on each side the alley would have been seriously impaired unless they were thereafter embodied in the lots which abutted on them, thus extending the lots to the alley. This has indisputably been done as to the south tier of the lots by their conveyance to a common owner, and the facts are sufficient to show that the same has been done as to the lots in question in the north tier.

In this connection we may as well dispose of the questions arising out of the suit for the fee to the alley. The latter having been validly established for the benefit of abutting owners appellants nevertheless contend that the fee remained in the grantor, and would so remain though he disposed of all the lots in the block, first, because the description of the lots did not include the alley; and second, because at most it was a covenant to keep the strip open, and no title was designed to pass.

It seems to be well settled that a sale of land bounded by a street, alley or road carries to the purchaser the fee to the center of the highway, unless otherwise provided expressly or by clear implication. The idea of an intention on the part of the grantor to withhold his interest in the road or street after parting with his interest in the abutting land, is never to be presumed. Anthony v. Providence, *supra;* Day v. Chambers, 62 Texas, 192; Bond v. Texas & P. Ry. Co., 15 Texas Civ. App., 282; Snoddy v. Bolen, 25 S. W. Rep., 932 (Mo.); Mitchell v. Bass, 26 Texas, 380; Emerson v. Bedford, 21 Texas Civ. App., 263. Authorities in support of the principle could be multiplied indefinitely.

Counsel contends, however, that the deed of William Wiess excludes the idea that the alley was sold, and discloses merely a covenant to keep it open. We can not assent to the proposition. The practical and legal effect of the deed is to establish and dedicate the alley for the benefit of abutting owners for all time, and this upon the consideration recited in the deed. There is nothing in the language to indicate that the vendor intended to reserve the fee. We conclude, therefore, that the deed executed by William Wiess as attorney in fact passed to the grantee therein the fee to the center of the alley.

The same result is reached as to the north half of the alley if we shall conclude that the land in controversy north of the alley passed by the deeds of V. Wiess to Perkins and Mrs. Goodhue, and as to this we have had small difficulty in sustaining the finding of the trial court to that effect. The deed of the attorney in fact changed the interior conformation of the block. To this Wiess is shown in many ways to have assented. This assent was clear prior to the date of the Perkins deed, for the lots had, with the knowledge and at the expense of V. Wiess, been fenced to the alley just as the south tier had been sold to the alley. As before stated, the evidence is ample to sustain the finding that Wiess actually pointed out and sold the land within the enclosures as extending down to the alley and that the vendees so bought.

Appellants do not seriously question the rule that such conduct on the part of the parties will give color to the description in the deed and carry the land so pointed out and intended to be pur-

chased. Indeed, it may well be said that the description in the deed conforms to the new conditions whereby lot 238 was changed so as to mean, not the old lot 238, but the new lot of that number extending to the alley as pointed out by the vendor. If the record sustained the contention of appellants that the three lots involved in the Perkins-Goodhue purchase were enclosed with one common fence we might feel constrained to set out in detail the evidence upon which we rest our conclusion that the lots were pointed out, but the evidence is ample in favor of the finding that they were not so enclosed, and a detailed discussion would be useless.

In view of the further progress of this litigation we will dispose of the question raised as to the sufficiency of the evidence to sustain the plea of ten years' limitation as against V. Wiess. Appellants invoke the doctrine laid down in Bruce v. Washington, 80 Texas, 368; Mhoon v. Cain, 77 Texas, 317, and like cases, to the effect that possession is not adverse when a party holds land believing it is included within the boundaries of his deed, but with no intention to claim it as against the true owner. The question of the application of the doctrine is raised by the testimony of Dr. Perkins and Mr. Goodhue, both of whom declared that they did not want and had not claimed anything which they had not bought, and wanted nothing which was not within the boundaries of their deeds, but the fact remains, as their entire testimony shows, that they were at all times holding the land under a claim of right believing and claiming, as they now believe and claim, not doubtfully, not tentatively, but specifically and affirmatively, that the land was covered by the deeds and belonged to them. They clearly show that had the question ever been raised by litigation or otherwise that instead of surrendering to a contrary contention they would have litigated the proposition that the land belonged to them. And herein lies the distinction. If the claimant in fact claims it against the world, the statute is set in motion. If he merely claims it tentatively, subject to the result of inquiry as to whether it is within his boundaries, the claim is not adverse. The nature of his claim is a fact inquiry, and the distinction is well illustrated in those cases in which one has entered on land erroneously believing it to be public domain and intending to buy from the State, and the land is thereafter sued for by the real owner. Price v. Eardley, 34 Texas Civ. App., 60.

We are of opinion that the fact findings of the trial judge are sustained by the record, and that none of the assignments of error are well taken. It is therefore ordered that the judgment in so far as it is in favor of defendants be in all things affirmed.

Defendants by cross-assignment have assailed the feature of the judgment awarding to Percy and Ruth Wiess 5-24 of the property sued for. That this cross-assignment must be sustained follows logically from the conclusion already reached as to the title to the alley and the effect of the deeds from V. Wiess to Perkins and Mrs. Goodhue. If those deeds, coupled with the acts of the parties, were sufficient to pass the title of V. Wiess to the land claimed by defendants they had a like effect upon the interests of the other two plaintiffs, because undoubtedly by the terms of the will he was clothed with

the power to pass their interests. That phase of the judgment is reversed and judgment here rendered for defendants.

*Affirmed in part.*

*Reversed and rendered in part.*

Writ of error refused.