**MAJOR et al. v. MEYERS et ux.**

No. 3636.

Court of Civil Appeals of Texas. El Paso.

Dec. 23, 1937.

Rehearing Denied Jan. 13, 1938.

Potash & Cameron, of El Paso, for plaintiffs in error.

Jones, Hardie, Grambling & Howell, of El Paso, for defendants in error.

WALTHALL, Justice.

Plaintiffs in error, Lucretia Major, a feme sole, S. A. Major, and F. E. Major, brought this suit in trespass to try title against defendants in error to recover about 14 inches of land, a part of the easterly portion of lot 16, block 100, East El Paso addition to the city of El Paso, Tex.

Plaintiffs in error are the owners of lots 15 and 16, in block 100, in said addition, and defendants in error are the record owners of lots 17, 18, and the west one-half (12½ inches) of lot 19, in said block. The properties adjoin each other. There was at the time of the trial, located and had been located for more than ten years prior to the filing of this suit, a concrete coping running along the easterly boundary line of plaintiffs in error's lot 16 for a distance of approximately 82.2 feet from the front of said lot, and there has been for more than ten years prior to the filing of this suit a fence which connects on to the concrete coping and runs back to the alley, along the easterly boundary line of lot 16. This fence and coping inclose approximately 14 inches of the easterly portion of plaintiffs in error's lot 16. The portion of lot 16 inclosed by the fence and coping is the property involved in this suit. Plaintiffs in error seek to establish title to all of lot 16, while defendants in error seek to establish title under the ten-year statute of limitation, Vernon's Ann.Civ.St. art. 5510, to that portion of lot 16 which is inclosed within the fence and concrete coping and estimated at about 14 inches in width of land.

The case was tried without a jury; the trial court made findings of fact and conclusions of law, and thereupon entered judgment in favor of defendants in error.

After finding that the record title to lots 15 and 16 in said block 100 was in plaintiffs in error, and that the record title to lots 17 and 18 and the west one-half (12½ inches) of lot 19, in said block, was in defendants in error, the court found: "That the coping and fence between these two properties were built prior to 1923; that defendants in error's predecessors in title took possession of the strip of land in controversy, occupied, used and enjoyed same for a period of more than ten consecutive years; and that defendants in error and their predecessors in title claimed said property under their deed to Lots 17, 18 and 19, in said Block 100, although said strip of land here sued for was not included in said deed, but believing that said coping and fence was on the dividing line between the properties and claimed the same as such, and under such claim, held peaceable and adverse possession of the strip of land for more than ten consecutive years." From the findings, the trial court concluded as a matter of law that title to the strip of land was acquired, was absolute, and not tentative, under the ten-year statute of limitation, and, in his conclusions, referred to Bruce v. Washington, 80 Tex. 368, 15 S.W. 1104; Wiess v. Goodhue, 46 Tex. Civ.App. 142, 102 S.W. 793; Price v. Eard-

ley, 34 Tex.Civ.App. 60, 77 S.W. 416, and note, 97 A.L.R. 106, and entered judgment for defendants in error.

### Opinion.

The properties of both plaintiffs in error and defendants in error, in all the conveyances in evidence, are described by the lot numbers as above mentioned.

Plaintiffs in error contend that the concrete coping and the fence were put 14 inches over on lot 16 by mistake, as the boundary line between lots 16 and 17, and that where there is a mistake in locating the boundary line fences, and the owner of the property fenced by mistake claims only the property called for in the deed, there can be no adverse holding sufficient to start the statute of limitation; that the concrete coping and fence were placed by mistake on lot 16, and that the Court of Civil Appeals is not bound by the trial court's findings "where there is no evidence to support his findings, or where the judgment is against the great preponderance of the evidence."

We think the evidence clearly shows that the coping and fence were put on plaintiffs' lot 16 by mistake; and that while the defendants and their predecessors in interest claimed title under their deed to the overlapping lot 17, they also occupied and used adversely the strip of land in controversy as a part of their lot 17 for more than ten years before the filing of the suit. It is true the evidence shows at one time defendants expressed to plaintiffs a willingness that the fence be moved to the proper boundary line between lots 16 and 17, but such expression of willingness was made after the full period of ten years' adverse possession and claim had matured the title, and did not tend to affect their good faith of the claim of ownership or adverse possession. Defendants claimed title to the strip of ground in their pleading and in their evidence.

The question presented here is whether defendants can establish title under the ten-year limitation statute, Vernon's Ann.Civ. St. art. 5510, when the boundary line under which they claim was established by mistake.

The question is ruled against plaintiffs' contention in McCabe v. Moore, Tex.Civ. App., 38 S.W.2d 641, 642, in which case it is held: "A plea of title by the 10-year statute of limitation is supported by possession for the required period and claim of ownership under a deed, although the deed does not include the disputed tract," and refers to a number of cases as so holding. 2 Tex.Jur. 125, par. 65.

Citing with approval the case of Alexander v. Wheeler, 69 Ala. 332, 340, our courts in Hand v. Swann, 1 Tex.Civ.App. 241, 21 S.W. 282, and Daughtrey v. New York & T. Land Co., Tex.Civ.App., 61 S.W. 947, 948, state the rule to be that "where the fence is believed to be the true line, and the claim of ownership is up to the fence as located, even though the established line is erroneous, and the claim of title was the result of the mistake," the claimant's adverse possession and claim of title would not be defeated by reason of the error and mistake in the location of the fence as the boundary line.

As said in the case of Bruce v. Washington, supra, the legal effect of the facts referred to in the opinion to which we refer without quoting them here cannot be destroyed or impaired by a mere declaration, after the right attaches by virtue of the law, that the claimant was not claiming plaintiff's land by limitation. To the same effect is the case of Jayne v. Hanna, Tex.Civ.App., 51 S.W. 296, 297, where it is said: "Does the fact that appellee held adverse possession of the land under the belief that it was covered by her deed, and that she had perfect title to it, when in fact it was not embraced within her purchase, deprive her possession of any element necessary to support the plea of limitations? This question we regard as settled in the negative."

Many other cases are to the same effect as above, and referred to under Adverse Possession in 2 Tex.Jur. beginning on page 124, and 2 Corpus Juris Secundum, p. 630 et seq.

The evidence shows that defendants in error and their predecessors in title have occupied, used, and claimed to own the strip of ground in controversy, in connection with and independent of the deeds, for such a period of time as to perfect title under the ten-year statute of limitation.

The case is affirmed.