KENNEDY and another, Respondents, vs. BARNISH and others, Appellants.

*October 14—November 9, 1943.*

138

*Daniel C. O'Connor,* attorney, and *Daniel H. Grady* of counsel, both of Portage, for the appellants.

For the respondents the cause was submitted on the brief of *Bogue, Sanderson & Kammholz* of Portage.

MARTIN, J. The plat of Edgewater Beach addition to Pardeeville is divided into five blocks, four of which are subdivided into lots of various sizes; and there are several streets or

avenues running through the plat. Green street is sixty-six feet in width and extends from Lake street on the south to Franklin street on the north a distance of seven hundred twenty-one and five-tenths feet. It affords access to and from the lots, and connects with the streets and avenues shown on the plat.

It is clear that the plat as submitted by Mr. Kennedy to the board of trustees of the village of Pardeeville was not unconditionally accepted. The board interpreted the plat that the streets, drives, courts, etc., shown were not dedicated to the public, but were reserved for the sole use in common of the owners of the lots in Edgewater Beach addition. They further stated in the resolution of April 16, 1929, that "the village of Pardeeville assumes no liability whatsoever on account of said streets, drives, courts, parks, or bridges or as to the care and maintenance of any part of said addition." Mr. Kennedy, with knowledge of the trustees' interpretation of the plat and the condition last above quoted, recorded the plat in the office of the register of deeds of Columbia county, to which was attached the resolution of April 16, 1929, quoted in the preceding statement of facts.

Thereafter, Frank D. Kennedy and Edna Kennedy, his wife (one of the plaintiffs in the instant action), sold and conveyed to several different persons a large number of the lots, describing the land conveyed by lot and block numbers of Edgewater Beach addition. Among other purchasers was Robert Munchow who purchased eight lots in block 2. On August 15, 1941, Mr. Munchow petitioned the board of trustees to open Green street and make same available for his use. On his petition, the village board based its resolution of October 7, 1941, quoted in the preceding statement of facts.

"Dedication is defined to be the act of giving or devoting property to some proper object, *in such a way as to conclude the owner." Connehan v. Ford,* 9 Wis. *240, *244. The trial court, in a very carefully prepared opinion, said as follows:

"I am of the opinion, therefore, that the plat, though initially defective, was subsequently validated. Or better stated, perhaps, we should say that plaintiffs are now estopped to deny its validity." Citing *Pettibone v. Hamilton,* 40 Wis. 402.

In that case, page 414, the court said:

"It may be observed in this connection, that the plat, and the conveyance of lots by the proprietors with reference to it, constitute a valid dedication to the public use, of the streets and ways marked on the plat, binding upon such proprietors, without any formal acceptance of such dedication by the public authorities. *Williams v. Smith,* 22 Wis. 594 [p. 566 in Second Edition]; R. S., ch. 47, sec. 5 (Tay. Stats., 774, sec. 5). We do not say, however, that such acceptance is not necessary to render the municipality within which such street or way is located, liable for damages resulting from the same being out of repair. We leave that proposition undecided."

The view we take of this case limits our consideration to the effect of the dedication being limited to the sole use in common of the owners of the lots in the Edgewater Beach addition. We think it must be held that when Mr. Kennedy, with knowledge of that condition, recorded the plat, he accepted the condition. Respondents argue that the plat can only be considered as an offer on the part of Mr. Kennedy to dedicate; that his offer was never accepted, and that the offer was terminated by Mr. Kennedy's death in 1939. Under the rule quoted in *Pettibone v. Hamilton, supra,* the recording of the plat and the conveyance of lots by the Kennedys, with reference to the plat by lot number and block number, constituted a valid dedication of all streets shown in the plat for the use in common of all lot owners.

Any irregularities or defects in the execution of the plat, or in any proceedings, order, or resolution on the part of the board of trustees of the village are cured by the provisions of sec. 80.63 (1) and (2), Stats. 1927, which provisions have

continued in the statutes to the present time under the same section number.

In any event, plaintiffs are estopped to deny the legal existence of Green street. In *Smith v. Beloit,* 122 Wis. 396, 409, 100 N. W. 877, the court quoted from *Rusk v. Berlin,* 173 Ill. 634, 50 N. E. 1071, as follows:

"Where, after platting land, the owner sells lots and blocks with reference to the streets therein described, both he and his grantees are estopped to deny the legal existence of such streets, although there is not a sufficient statutory dedication, owing to the plat not being properly acknowledged." To same effect see *Donohoo v. Murray,* 62 Wis. 100, 103, 22 N. W. 167; *McFarland v. Lindekugel,* 107 Wis. 474, 477, 83 N. W. 757.

Plaintiffs cannot prevail in this action because: (1) There was a good dedication of Green street for the use and benefit in common of all lot owners in the plat; and (2) they are estopped to deny the dedication. In arriving at this conclusion, we attach no significance to the resolution adopted by the village board on October 7, 1941. We need not decide whether the board of trustees at that time had any authority to unconditionally accept the plat as a dedication of all the streets in the plat to the public use.

*By the Court.*—Judgment reversed. Cause remanded with directions to dismiss the action.