MAAS and others, Appellants, vs. SCHWAAB and others, Respondents.

*October 12—November 14, 1944.*

For the appellants there was a brief by *Bloodgood & Passmore,* attorneys, and *William E. Burke* of counsel, all of Milwaukee, and oral argument by *Mr. Burke.*

For the respondents the cause was submitted on the brief, of *Scott K. Lowry* of Waukesha.

FOWLER, J. Action in equity by landowners to enjoin threatened removal by the town board of a gate erected by one of the plaintiff landowners in November, 1941, across the opening into a street dedicated by a recorded plat of Venice Park, bordering Nemahbin lake in Waukesha county. The plaintiffs claim the street is a private road for the use only of the owners of the abutting land. The board claims that the plat dedicates the street to the use of the public as a' public highway.

The main features of the plat are that the land owned by the plaintiffs consists of block A not divided into lots lying east of the street entrance to which use by the public the plaintiffs have blocked, and lot B, divided into lots 1, 2, and 3, lying to the west. The street is a *cul de sac,* closed at the north and abutting on unimproved wooded land, and opening at the south into an admitted highway dedicated by the plat, to the south of which lie eighteen abutting lots. The plat contains no words of express dedication. The street is shown on the plat as thirty feet wide and is denominated on the plat as "Park avenue." The other street, conceded to be a public highway, is denominated on the plat as Venice boulevard.

On the trial the court found that the thirty-foot strip is a public highway and dismissed the complaint on the merits. Besides the plat itself the evidence shows that the plat was recorded by the then owner of the platted land in 1906. The thirty-foot strip and the adjacent land was then low meadow

or pasture land. The plattor cleared the strip of brush, planted trees on the east side of the strip and left standing some trees then on the other side. The plaintiff landowners have put gravel on the south end. No money except that contributed by residents of the plat has ever been expended on the strip. The plattor conveyed the lands in the plat by descriptions according to the plat, and all other conveyances of land included in the plat have been made by plat descriptions since the recording of the plat. The land included in the plat has been assessed according to the plat descriptions for some years.

The plaintiffs claim that the strip has never been used by anyone but the owners of blocks A and B in going to their residences thereon and by persons visiting them. Other witnesses living or having summer cottages on lots south of Venice boulevard testified that they never saw any use of the strip by the public. The only direct testimony as to the road being a public road is that a Mr. Bartlett, now dead, who was in charge of the town roads, put gravel on the road in 1933, and plowed the snow from it. The witness who testified to this collected $22 from the landowners in the plat for improvement of the roads of the plat. One of the plaintiff landowners testified as to purchasing from the town gravel to put on the strip.

The trial court held that as the original plattor had sold the platted lands by description as in the plat he and his grantees were estopped to deny the existence of Park avenue as a public street. He based that ruling on our decision in *Kennedy v. Barnish,* 244 Wis. 137, 11 N. W. (2d) 682, and we think correctly. That action was brought to enjoin and recover damages from the village board and their employee whom the board had directed to prepare for travel a strip of land shown on a recorded plat as a street. The plaintiff claimed that the so-called street was not a public street because the village authorities in accepting the plat had by resolution indorsed thereon accepted the plat as dedicating the streets shown

thereon not to the public use but to the use of the owners of the platted lands. We squarely held two things: (1) There was a good dedication of the strip of land in suit for the use of and benefit in common of all lot owners in the plat; and (2) the plaintiffs were estopped to deny the dedication. Opinion, page 143. This was in effect a determination that under the facts of the case the dedication was at least such a dedication whether it was a dedication to the public use or not, and we declared that in arriving at that conclusion we placed no reliance on the attempted limitation of the use to the resolution of the village board purporting to limit the dedication to owners of the platted lands. This being the case, the plaintiff owner of the lots abutting on the street had no right to devote the land within the street to his private use as a garden, and therefore was not damaged by the attempt of the village board and their employee to fit it for travel, and he had no right to enjoin them from doing so. The reasoning of that rule applies to the instant case. If the making and recording of the instant plat and the conveyancing by descriptions according to it did not dedicate Park avenue as a public street, it dedicated it to the use and benefit in common of the owners of all of the land in the plat, and gave to all owners of the lots south of Venice boulevard the use and benefit of the strip in common, and the plaintiffs had no right to bar such owners from such use by erecting the gate across the entrance to it. Such owners had the right to use the strip to go to the woods abutting the plat on the north and to visit the owners of that land for business or pleasure.

*By the Court.*—The judgment of the circuit court is affirmed.