**BROWN v. DOROUGH et ux.**

No. 14081.

Court of Civil Appeals of Texas. Dallas.

Sept. 16, 1949.

Rehearing Denied Oct. 28, 1949.

Ross Huffmaster, of Kaufman, for appellant.

A. G. Henry, of Kaufman, for appellees.

CRAMER, Justice.

Appellant filed this suit in trespass to try title December 7, 1940, to recover approximately 26 acres of land. Appellee filed cross action setting up the ten-year statute of limitation. Vernon's Ann.Civ. St. art. 5510. On trial to a jury special issues were answered in favor of appellee Dorough on the plea of ten-year limitation. Judgment was rendered on the verdict and this appeal has been perfected therefrom. It was agreed in the trial court that the appellant had record title from the sovereignty of the soil to the 26 acres of land in controversy. The only question involved in this appeal is whether appellee was entitle to go to the jury under the ten-year statute of limitation. Appellant assigns six points of error, in substance as follows: (1) Appellee's possession was broken when he rented appellant's land "south of the slab" and as appellant's tenant attorned to her for the years 1934, 1935 and 1936, since he offered no evidence constituting notice to her of his adverse claim. (2) Robert Nash rented all appellant's land in 1932 as her tenant, thus breaking appellee's possession. (3) The undisputed evidence showed that the only use made of the land was to pasture cattle; that the fence was of very ancient origin at all times down when seen by witnesses; that such condition of the fence, consisting of only two wires, permitted the stock to come and go as they chose. (4) The court, over objection, permitted appellee to testify that he leased the land to an oil company. (5) The court, over appellant's objection, admitted the deed from appellee's grantor to him covering land not in controversy. (6) The court, over objection, admitted in evidence a quitclaim deed to the land in controversy.

In 1935, 1936 and 1937, appellee rented about 400 acres of river bottom timber land south of the slab from appellant. He

testified that he had a gap or gate between the 26 acres in controversy and the 400 acres rented and had cattle in both pastures. Evidence shows, however, that the land in controversy here and the 400 acres rented were separate tracts. Exhibit 1, in heavy outline, shows the 26 acres involved, as follows:

▋ The evidence does not show a payment of rent to appellant on any part of the 26 acres in controversy, which 26 acres was enclosed by fence with other lands owned by appellee. From the record here we cannot say that opening the gate at times when the 400 acres of land was rented by appellant was a recognition by appellee of appellant's title to the 26 acres. When the lease expired the 400-acre tract was surrendered to appellant and the record does not disclose that appellee's possession and claim to the 26 acres was disputed at that time or at any time before this suit was filed. The evidence is to the effect that every one in the community for some years prior to the filing of this suit considered the old road to be the boundary line between the 400 acres and the land now owned by Dorough (see plat). Appellee offered in evidence tax receipts showing the rendition and payment of taxes on 252.72 acres of land, being approximately the acreage under his fence (which included the 26 acres), for the years 1935, 1936 and 1937, as well as other years. Appellee also testified that he rented only the land west of the old road and west of the fence. The 26 acres in controversy was all east of the old road and fence.

Since the evidence raised issues of fact for the jury, their finding thereon settled this matter in favor of appellee. The first point is overruled.

▋ There was some dispute in the evidence as to the land rented from appellant by the witness Nash. Nash himself testified that as far as he knew he did not use any of the land east of the old road. He was asked (Question 6, S.F., p. 23): "Q. Did you lease any of it east of this line or this old road, or was it all west that you used?" To which he answered, "I used it all west, I believe. I remember I just leased that land."

Numerous witnesses testified that the boundary line between the Brown and the Dorough land was generally known to be the old road. This had been the general understanding in the community since 1920. Since the evidence raised the question of fact as to keeping the fence in repair, the jury's answer to the issue settled the question. Halsey v. Humble Oil & Refining Co., Tex.Civ.App., 66 S.W.2d 1082. The third point is overruled.

▋ Points 4, 5 and 6 will be considered together. Appellee Dorough claimed adverse possession for his grantor prior to the time he purchased the 26 acres and other land from such grantor, and as his own after the purchase. The evidence clearly raises the issue submitted, in that the land he leased from his grantor, according to his understanding and by general repute in the community, ran to an old road, and the assumed boundary fence was along this old road. When appellee entered upon the property under the lease, he was delivered possession and he took possession up to the fence along the old road. When he purchased from his grantor, he understood that he bought up to the old fence on the old road, being told at all times that the land ran to the old road and was covered by the lease and the deed. When the suit was filed appellant's grantor amended the description in the deed by execution of a quitclaim deed to the 26 acres in dispute, so as to extend the description in the original deed to the old road and include what was intended at the time of the sale to appellee. Under the circumstances it was not error to permit appellee to testify to his lease of the land to an oil company and introduce in evidence the original and the quitclaim deed. The two possessions could be tacked together to make the ten years necessary to establish his title by limitation. McAnally v. Texas Co., 124 Tex. 196, 76 S.W. 2d 997; Art. 5516, Vernon's Ann.Civ.St. 1925; Major v. Meyers, Tex.Civ.App., 111 S.W.2d 1184; see Note in 16 Texas Law Review 562.

Finding no error in the judgment below, it is affirmed.

BOND, C. J., not sitting.