THREEDY v. BRENNAN et al.

No. 8034.

Circuit Court of Appeals, Seventh Circuit.

Nov. 24, 1942.

Michael J. Dunn, Jr., of Milwaukee, Wis., and Cornelius R. Palmer, of Chicago, Ill., for appellant.

Charles E. Wilson, of Elkhorn, Wis., for appellees.

Before SPARKS and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

The plaintiff as trustee for himself and others brought a suit against the Town of Linn, Walworth County, Wisconsin, and John S. Syver individually to enjoin them from trespassing upon and encouraging others to trespass upon, and entering upon and encouraging others to enter upon a parcel of land herein referred to as "Beach."

The plaintiff had a quitclaim deed to himself as trustee to the property herein referred to as "Beach." He had received this deed from one Kennedy, who had purchased at a foreclosure sale lands that had been platted into a subdivision known as Wooddale Addition, and this addition contained the lot called "Beach." The maker of the plat of Wooddale Addition was one Linden, who had purchased the ground in June, 1925 from one Dean. In 1926 Dean made and recorded the plat, which has never been vacated. To secure a part of the purchase price of the land in Wooddale Addition, Linden gave a mortgage to Dean. It was through the foreclosure of this mortgage that Kennedy acquired title to the "Beach," which Kennedy later conveyed by quitclaim deed to the plaintiff as trustee.

Wooddale Addition contained 312 lots. Only 12 of the lots front on Lake Geneva. The plat shows in addition to the 312 lots one large lot fronting approximately 150 feet on the lake and extending backward therefrom approximately the same width 100 to 125 feet, where it abuts the end of one of several highways shown in the plat, and upon this plat designated the lot "Beach," which is the land in question.

Wooddale Addition was a part of land covered by the so-called Lake Geneva Restrictive Agreement, which was made in 1910 and is herein referred to as the Restrictive Agreement. This agreement entered into by the owners of the land at that time was in pursuance of a general scheme for the benefit and improvement of all the land therein described, and for the purpose of maintaining the character of said property as first-class residential property. It was agreed by the parties for themselves, their heirs, executors, administrators, successors and assigns that no part of the real estate should be used for "hotel, club, camping, ice house (except for domestic use of owners) manufacturing, saloon (by this is meant the common acceptation of the word as designating a place for the sale at retail of either or both intoxicating and non-intoxicating liquors and beverages) public garage, railway terminus, public aviation, (garage, shed, depot, station or grounds) public amusement park or ground, livery stable or brewery purposes or for the hospital, sanitarium, reformatory, charitable or penal institution or for any other use or purpose inconsistent with the maintenance and preservation of all and each and every part of said real estate hereinbefore described as first class residence property."

The lots of the defendant Syver do not front upon Lake Geneva, and the only way he has to get to the lake is to cross the lots of other people or to cross the parcel designated on the Wooddale Addition plat as "Beach." At the time the suit was commenced, Syver was the owner of several lots in Wooddale Addition, one of which he had purchased from the plaintiff. All of Syver's lots were purchased with reference to the plat of Wooddale Addition, which plat shows the highways and at the end of one of these highways and extending down to the shoreline of the lake the lot in question marked "Beach." Syver claimed the right to go over the lot designated as "Beach" as a means of access to the lake,

and threatened to tear down any fences or obstructions placed by the plaintiff around said lot designated as "Beach."

The court granted an injunction against the officers of the town, but denied it against Syver. From so much of the judgment as denied the injunction against Syver, this appeal is taken.

Did the plaintiff have the right to enjoin Syver from the use of the lot known as "Beach," as means of access to the lake? Defendant Syver contends that the plat by which he purchased his lots showed the property in question thereon designated "Beach" at the end of one of the highways laid out in the plat, from which highway he could pass over lot "Beach" to the lake shore; that as a lot owner in the Wooddale Addition, he had a right to use the lot designated as "Beach" as a means of access to the lake, just as he had the right to use the highway that led up to the lot designated on the plat as "Beach."

■ In this, we think the defendant was correct. One who buys lots with reference to a plat which shows certain streets, ways and places in common, is entitled with all other lot owners in the platted area or subdivision to the use with them of the streets, ways and places in common. Lot owners in the same subdivision whose lots are purchased with reference to the same plat are estopped to deny the use in common with other lot owners in the subdivision. McFarland v. Lindekugel, 107 Wis. 474, 83 N.W. 757; Donohoo v. Murray, 62 Wis. 100, 22 N.W. 167; Gardiner v. Tisdale, 2 Wis. 153, 60 Am.Dec. 407.

The plaintiff replies to this that the maker of the plat of Wooddale Addition was powerless to grant the use of the lot designated "Beach" to the owners of the lots in the addition, since to do so would violate the Lake Geneva Restrictive Agreement. In Boyden v. Roberts, 131 Wis. 659, 111 N.W. 701, and Roberts v. Gerber, 187 Wis. 282, 202 N.W. 701, an agreement similar to the Restrictive Agreement in the case at bar was sustained. In those cases, the court held that such an agreement created a restriction as to the use of the land, and that it was a covenant which ran with the land and was enforceable in a court of equity. In the Boyden case, the court enjoined the establishment upon the property of a large club house by one of the owners of the property covered by the agreement, and in the Gerber case enjoined a scheme to plat into small lots with common streets,

paths, parkways, auto parking lots, water works and a sewerage system, which were all to be maintained as a community or club-like enterprise.

As far as we have been able to discover, no case in Wisconsin has held that property subject to such an agreement could not be platted with ways in common, such as streets, beaches, etc., so long as the platting and offering to dedicate such ways, streets, beaches, etc. did not interfere with the use of the property as a whole as first-class residential property.

■ Since this is a restrictive covenant, it must be strictly construed. Schneider v. Eckhoff, 188 Wis. 550, 556, 206 N.W. 838; Mueller v. Schier, 189 Wis. 70, 82, 205 N.W. 912; Peterson v. Gales, 191 Wis. 137, 139, 210 N.W. 407, 47 A.L.R. 956.

■ Under the Restrictive Agreement, every part and parcel of the land was not required to be used for residential purposes only. The general character of the whole property was to be maintained as first-class residential property. As long as the specific things prohibited were not established, then anything that might make the whole property more desirable as first-class residential property was not prohibited. The establishment of a beach to give access to the lake to lot owners in the plat who bought their lots with reference to the plat is not, in our opinion, inconsistent with the covenant restricting the use of the property as a whole to first-class residential purposes. It would seem to us that the high character of the lots as residential property would be enhanced by giving all who owned lots in the addition access to the lake over the part dedicated in the plat as "Beach." When Linden made the plat in question he did not, in our opinion, violate the Lake Geneva Restrictive Agreement by dedicating a part of the lake front as a beach whereby other lot owners in the plat would have access to the lake. His act was in furtherance of the purpose to make the whole property a desirable first-class residential property. The provision for access to the lake over the lot designated as "Beach" was no more violative of the Restrictive Agreement than the dedication of the roadways through the platted ground. Each made the whole property more desirable as first-class residential property.

■ In the absence of Wisconsin decisions which would compel us to do so, we are not disposed to extend the scope of

the Restrictive Agreement so as to enjoin a use of the property in a manner which does not clearly appear to be a use inconsistent with the rather vague, indefinite purpose to maintain the property as first-class residential property. Certainly, the meaning of the Restrictive Agreement, when applied to the circumstances of this case, is not so clear as to compel the conclusion that the plaintiff was entitled to enjoin the defendant from access to the lake over the lot designated "Beach."

Under such circumstances, it is not error to deny an injunction. 32 Corpus Juris 207. Peterson v. Gales, 191 Wis. 137, at pages 139, 140, 210 N.W. 407, 47 A.L.R. 956; Mueller v. Schier, 189 Wis. 70, 83, 205 N.W. 912.

The judgment of the District Court is affirmed.