In re Vacating Plat of Chiwaukee: Baurer and wife, Respondents, vs. Sokoloff and others, Appellants.

*January 19—February 15, 1949.*

274

The cause was submitted for the appellants on the brief of *Lepp & Phillips* of Kenosha, and for the respondents on the brief of *Cavanagh, Stephenson, Mittelstaed & Sheldon* of Kenosha.

BROADFOOT, J.   The appellants ask to have the order of the trial court dismissed for the following reasons: (1) That the entire one-hundred-foot strip of the Chiwaukee road is a public highway because of public use; (2) that the Chiwaukee road is a public highway by dedication and acceptance by the town board of Pleasant Prairie; (3) vacation of any part thereof should be denied because a perpetual easement to the entire one-hundred-foot width of the road was created and the applicants are estopped from denying its existence; and (4) that the trial court committed an abuse of discretion in its order.

As to the first contention, the trial court found that the public acquired no rights by user except over the twenty-foot concrete strip.   This finding is in accord with the record.

As to the second contention, there was never any dedication of Chiwaukee road as a public highway, nor has there ever been any legal acceptance thereof by the town board of Pleasant Prairie.   On April 20, 1945, an application was filed with the town clerk of said town to have Chiwaukee terrace designated and maintained as a public highway.   On August 10, 1945, which was more than ten days after the filing of the application, the town board, by resolution, accepted the road to maintain as other town roads.   The application on its face does not appear to be signed by six or more freeholders residing within the limits of such plat, as required by sec. 80.38, Stats.

As to the third contention, the recording of the plat and conveyance of lots by the owner with reference to the plat constituted the granting of an easement to the purchasers of lots within the subdivision to ingress and egress over said private roadway in common with other lot owners, and the original proprietors and their grantees are estopped to deny the legal existence of such rights of ingress and egress.   *Kennedy v. Barnish* (1943), 244 Wis. 137, 11 N. W. (2d) 682; *Maas v. Schwaab* (1944), 246 Wis. 102, 16 N. W. (2d) 380.   The trial court recognized the easement in its order and preserved the same over the twenty-foot concrete strip.

This was a proceeding under secs. 236.17 and 236.18, Stats. This statute was construed and applied in *In re Vacation of Plat of Garden City* (1936), 221 Wis. 134, 266 N. W. 202. The lands in question were platted in 1921, at which time the power of the court to vacate plats was substantially the same as in 1947. Secs. 2265 and 2266, Stats. 1921. As those statutes were in effect when the land was platted and when the objectors and their predecessors in title purchased their lots, they are imported as a matter of law into their contracts of purchase, and all of the relative rights and obligations of the parties are subject to the provisions of those statutes, including the manner and conditions under which the portion of the plat involved herein may be vacated. Under the statutes, the only limit upon the court's authority to vacate a portion of the plat is the following:

". . . except such parts thereof as have been dedicated to and accepted by the public for use as a street or highway or as streets or highways." Sec. 236.17, Stats.

The dwelling house situated within the limits of Chiwaukee road as outlined on the plat was there when the plat was completed and recorded. It was visible to all purchasers of lots within the subdivision. The record does not disclose that any objection has ever been raised by anyone to the maintenance of the buildings within the one-hundred-foot strip. We can find no abuse of discretion on the part of the court.

*By the Court.*—Order affirmed.

WICKHEM, J. (*dissenting in part*). It is conceded in this case that the circuit court has power to vacate a plat or any part thereof except such parts thereof as have been dedicated to and accepted by the public for public use. It is also conceded that this is a discretionary power and that the court's determination will only be reversed for a clear abuse of discretion.

I deem it also to be established that the roadway in question was never dedicated or offered as a public way, road,

highway, or street. It was, however, an easement granted to lot owners in the subdivision to use the roadway as a means of ingress or egress. I am willing to concede without laboring the point that such portions of the one-hundred-foot strip as lie to the north of the concrete driveway and which are occupied by buildings of the plaintiffs could within the discretion of the trial court be lifted out of the highway as originally platted by vacation of the plat as to it. I can discover no fact which would justify vacating the south 27.6 feet of the highway. This strip is not necessary for plaintiffs' buildings. It is appropriate and necessary for access to other portions of the plat and, since plaintiffs hold under those who originally platted the premises, it appears to me that they have created a servitude in favor of persons who have purchased in reliance on the plat and that the court ought not without reason vacate this strip as a private entrance to the platted property. It appears to me that the vacating of this strip and the cutting of the private entrance to the plat to 20.13 feet was an abuse of discretion.