YÜRMANOVICH and others, Appellants, v. JOHNSTON and others, Respondents.

*March 5—April 2, 1963.*

For the appellants there was a brief by *Walter & Hopp* of Sheboygan, and oral argument by *Alexander Hopp*.

For the respondents there was a brief by *Gruhle, Fessler, Wissbroecker & Van De Water* of Sheboygan, for the Johnstons, and *Humke, Poole & Axel* of Sheboygan, for Raymond A. Ten Haken, and oral argument by *Paul L. Axel* and *Douglas K. Van De Water*.

Brown, C. J. Suit was commenced by several appellant lot owners against several respondent lot owners and against the town of Lyndon to compel them to remove certain obstructions alleged to have been unlawfully placed and maintained on certain routes and easements over which appellants allege they are entitled to travel. Trial was to the court which made findings of fact in favor of respondents. Appeal is from the judgment dismissing the complaint.

Appellants own lots located on top of a hill which slopes down to Lake Ellen, a navigable lake in a subdivision called Lake Ellen Heights in the town of Lyndon, Sheboygan county. The respondents, other than the town of Lyndon, own lots between them and the lake. Appellants desire to use certain routes extending across the land of respondents as indicated by recorded plat which would give them access to the lake. By their complaint appellants alleged in part as follows:

"10. There was recorded in the office of the register of deeds for Sheboygan county, Wisconsin, on October 31, 1921, in Vol. 5 of Plats, page 2, a plat named Lake Ellen Heights, containing six blocks, said plat having been made by William H. Heins, at the request of Roy Johnston, all as appears from the Certification and Acknowledgment recorded with said plat; that said plat has designated thereon certain streets and alleys which are the streets and alleys which are referred to hereafter in this complaint, and further that said plat is made a part hereof by reference thereto as though set forth herein in complete detail.

"11. The said Roy Johnston, who caused the plat of Lake Ellen Heights to be created and recorded, is the predecessor in title to the real estate owned by all of the parties to this action, and referred to hereinafter, except for the town of Lyndon.

"20. The plaintiffs herein purchased their respective properties because they were among other things interested in the recreational facilities made available to them, their families,

and friends, because of their proximity to Lake Ellen, and the roadways and easements to the water's edge as they in the past existed, and as they were platted, and laid out by virtue of the recorded plat of Lake Ellen Heights, as stated in paragraph No. 10 of this complaint, and that they from time to time in the past were able to exercise their access, but that at the present time the use of access roads to Lake Ellen have been denied them, . . .

"21. The acts of the defendants aforementioned have caused the plaintiffs to be denied the full enjoyment of their respective properties, and have depreciated the value of said properties, and further that said acts have denied the general public of its rights of usage."

The complaint also recited that all of the deeds in question were conveyed with reference to the plat.

The record shows that the deeds of conveyances from the original grantor, Roy Johnston, father of respondent Roy Willard Johnston, and from his grantees were to give appellants access to the routes and to the beach.

During the trial testimony established that the plat was never officially accepted by the town of Lyndon. However, a sharp conflict of testimony developed between appellants and their witnesses and respondents and their witnesses with respect to the question of whether there was a common-law dedication. The trial judge, accompanied by counsel, viewed the areas in dispute on two separate occasions. There were five obstructions involved but only two were actually found to be obstructing appellants. These were numbered and described by the trial judge as:

"No. 4: A fence six feet high maintained by the defendants, Johnstons, and built directly across the platted roadway; also a part of their residence and a patio across the platted roadway.

"No. 5: A fence maintained by the defendant, Ten Haken, similar in nature to the fence described under No. 4 and being an extension thereof."

After viewing all the evidence the trial court held:

"I therefore conclude that this case, as far as the individual defendants are concerned (the situation insofar as it affects the town of Lyndon will be separately considered) turns upon a question as to whether or not there has been such use of the rights-of-way by the public as to constitute an acceptance. On this point there is, admittedly, a conflict of evidence. I am not going to review such evidence in detail. I assure counsel that I have spent much time going over my notes, and viewing the various exhibits, particularly the photographs. My conclusion is that I am not satisfied by the evidence to a degree of reasonable certainty that there has been such user as to constitute an acceptance of the plat."

The court also held there was no cause of action against the town of Lyndon for not maintaining the roadways as streets.

The issues raised on this appeal are:

1. Whether the findings of the trial court that there was no public acceptance of the roadways in the plat are against the great weight and clear preponderance of the evidence.

2. Whether upon the evidence we can hold as a matter of law that a prescriptive easement exists.

3. Whether landowner-respondents are estopped from denying appellants were granted easements over the roadways indicated on the recorded plat and referred to in their deeds of conveyance.

4. Whether there was a dedication to the public by estoppel.

1. *Finding of no public acceptance.* As we have stated many times we will not set aside a finding of the trial court unless it is against the great weight and clear preponderance of the evidence. A review of the entire record indicates that the evidence is manifestly in conflict on the issue of whether there was an acceptance of the plat by the public. The finding that there was no such acceptance in light of the

extensive testimony for both appellants and respondents is not against the great weight and clear preponderance of the evidence, and the finding cannot be disturbed. *Central Refrigeration, Inc., v. Monroe* (1951), 259 Wis. 23, 25, 47 N. W. (2d) 438.

2. *Prescriptive easement.* Although the issue of the existence of easements was presented to the trial court, the record does not indicate that the trial court made any specific findings with respect to the existence of prescriptive easements over the roadways shown on the plat. Rather, the findings against the appellants and in favor of respondents generally are that appellants or the public do not have any right to use the roadways as indicated on the plat where obstructions in fact prevent them from being used.

We will assume that when a finding is not made on an issue which appears from the record to exist that it was determined by the trial court to be in favor of or in support of the judgment. *Sohns v. Jensen* (1960), 11 Wis. (2d) 449, 453, 105 N. W. (2d) 818. Therefore we will assume the trial court found that prescriptive easements did not exist; a contrary finding would not support the judgment.

The testimony in regard to the issue of whether the use of the roadway areas by appellants was with permission of the lot-owner respondents, or was adverse to them, is in conflict. A finding that a prescriptive easement did not arise is not against the great preponderance and great weight of the evidence. Therefore we cannot set aside the general finding in favor of the respondents and hold as a matter of law that a prescriptive easement existed over the roadways in question indicated in the recorded plat.

3. *Easements by estoppel.* Respondents contend appellants did not plead in their complaint that respondents are estopped from denying the grants of easements over the roadways to appellants by reason of the recorded plat and

by reason of the deeds of conveyance referring to the plat. For this reason respondents claim appellants are now precluded from raising this issue.

An examination of the complaint indicates that all of the facts from which easement by estoppel arises were duly pleaded in the complaint. Where the necessary facts appeared in the complaint it was not incumbent upon appellants to specially plead estoppel. *Karlen v. Trickel* (1926), 189 Wis. 148, 153, 207 N. W. 273.

The facts are not in dispute that there was a recorded plat which shows certain roadways, that all of the parties except the town of Lyndon received their lots by deeds which refer to this plat, and that the lot-owner respondents have caused to be constructed obstructions over certain of these roadways. The trial court found that these obstructions did exist but that they were not contrary to the rights of appellants.

The record does not show that the question of whether an easement by estoppel existed under these facts was presented to the trial court or discussed by it. However, there is no controlling reason why we may not consider it on review when it is a point of law and fully and ably presented in the briefs. *Stierle v. Rohmeyer* (1935), 218 Wis. 149, 165, 260 N. W. 647. By not considering this issue on appeal the real controversy will not be fully tried and a miscarriage of justice could well result. Therefore, we also have power to consider this issue under sec. 251.09, Stats.

Lake Ellen Heights was surveyed, platted, and subdivided into lots, blocks, streets, and alleys by William H. Heins, under the direction of Roy Johnston, the original grantor. The plat shows certain routes for use in common by lot owners in the subdivision who would not front on the lake, giving them access to Lake Ellen. Certain deeds of conveyance to Roy Johnston and his wife, Martha, and from their grantees, expressly state that the grantees were to have access

to the roads and to the bathing beach according to the recorded plat. Although the routes are not designated as being easements in common to all the lot owners, the plat shows and the deeds indicate that the purpose of these routes was to give the lot owners rights of ingress and egress to the lake. By recording the plat showing routes giving access to the lake for use in common by the lot owners and by conveying the lots with reference to the plat and again providing that the grantee shall have access to the lake constituted the granting of easements to appellants who are purchasers of these lots. The easements afford ingress and egress over these routes in common with other lot owners. Roy Johnston and his wife, and their grantees, who are the lot-owner respondents, were estopped to deny the legal existence of such rights of ingress and egress. *In Re Vacating Plat of Chiwaukee* (1949), 254 Wis. 273, 276, 36 N. W. (2d) 61; *Threedy v. Brennan* (7th Cir. 1942), 131 Fed. (2d) 488, 490. See 17A Am. Jur., Easements, p. 650, sec. 40, and an exhaustive treatment in Anno. 7 A. L. R. (2d) 607.

The question, however, remains whether the easements over the routes in question were not extinguished or terminated by adverse possession on the part of the lot-owner respondents or their predecessors in title, for example by constructing and maintaining the various obstructions, or by abandonment on the part of appellants or their predecessors. The record does not show these issues were argued before, or passed upon by, the trial court. Nor can we resolve them after an examination of the entire record. A consideration of all the conflicting evidence relative to this matter is within the proper scope of the trial court. *George M. Danke Co. v. Marten* (1932), 207 Wis. 290, 296, 241 N. W. 359. A determination of these questions should be made so that the real controversy will be fully tried and a probable miscarriage of justice prevented. For these reasons a new trial

on these issues should be granted regardless of whether proper motions appear in the record. Sec. 251.09, Stats.

4. *Dedication by estoppel.* Appellants contend that the recording of the plat in the conveyance of lots by Roy Johnston with reference to the plat by lot number and block number constitutes a valid dedication of all the routes in the plat for use in common of all the lot owners and that the owners are estopped to deny the dedication to the public. In support of this contention they cite *Kennedy v. Barnish* (1943), 244 Wis. 137, 142, 11 N. W. (2d) 682, and *Maas v. Schwaab* (1944), 246 Wis. 102, 104, 16 N. W. (2d) 380. The routes in the case before us are fundamentally different from those in the *Kennedy* and *Maas Cases*. Examination of a plat and the deeds in the present case show that they were intended to be rights-of-way leading to the lake for the private use and enjoyment of all the lot owners in the subdivision and were not streets for use by the public. Therefore, the recording of the plat and the conveyancing of lots did not serve as a dedication to the public by estoppel but rather as the granting of easements to the lot owners by estoppel. *In Re Vacating Plat of Chiwaukee, supra.*

*By the Court.*—Judgment dismissing the action against the town of Lyndon affirmed. Judgment dismissing plaintiffs' action against the other defendants reversed, and cause remanded for trial on the issue of whether the easements shown by the deeds and the plat had been extinguished, and for further proceedings not inconsistent with the opinion.

WILKIE, J., took no part.