William J. SCHIMMELS,
Plaintiff-Appellant,

v.

John A. NOORDOVER,
Defendant-Respondent.

Court of Appeals

*No. 2004AP2794. Submitted on briefs August 24, 2005.
—Decided December 21, 2005.*

2006 WI App 7

(Also reported in 709 N.W.2d 466.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *John W. Hein* and *Melinda A. Hein* of *Godfrey, Braun & Frazier, LLP*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Robert B. Moodie* and *Lori J. Fabian* of *Hippenmeyer, Reilly, Moodie & Blum, S.C.*, Waukesha.

Before Snyder, P.J., Nettesheim and Anderson, JJ.

¶ 1. SNYDER, P.J. William J. Schimmels appeals from an order declaring his rights as against John A. Noordover to the use of a private road designated in a recorded plat and an order denying reconsideration. Schimmels contends that the circuit court erred in deciding the action based upon the language of the deeds rather than upon the recorded plat. We agree and reverse.

## BACKGROUND

¶ 2. Schimmels and Noordover own lots in Peterson's Plat (Plat). The Plat, containing nine original lots, was recorded with the Waukesha County Register of Deeds on October 5, 1913, as document no. 83262. Four of the lots, 6 through 9, have direct access to Okauchee Lake. The remaining five lots, 1 through 5, do not have direct lake access. The Plat contains a "private road" that provides all nine lots with access to the public highway. At one juncture, the private road splits, with one artery providing public highway access to Lots 6 through 9, and the other artery providing access to Okauchee Lake.

¶ 3. That portion of the private road leading to Okauchee Lake is known as Tweeden Lane.[1] Tweeden Lane, a 20–foot wide by approximately 113–foot long grassy strip of land, is the subject of this lawsuit. On August 26, 1914, the original Lot 6 was divided into two lots, creating ten separate lots in Peterson's Plat rather than nine. When the original owners divided Lot 6, they referred to that portion of road now known as Tweeden Lane as a "private road."

¶ 4. Noordover acquired his Lot 6 parcel on May 13, 1985, and Schimmels acquired his Lot 6 parcel on

---

[1] We observe that the Plat recorded in 1913 does not use the name Tweeden Lane to identify this strip of land. On the Plat, the only term used to describe the access road, including what is now Tweeden Lane, is "Private Road." The 1913 Plat is reproduced in Appendix A. This reproduction is taken from evidence introduced at trial as Defendant's Exhibit 46, with minor modifications made to improve legibility for publication. An updated Plat of Survey, dated April 14, 2003, was introduced at trial as Plaintiff's Exhibit 21. This survey identifies Tweeden Lane. The 2003 Plat of Survey is reproduced in Appendix B, with minor modifications to enhance legibility for publication.

March 6, 1992. Noordover's deed recites that the conveyance includes "the use of a private road abutting said premises in common with others having the right to the use thereof and leading to the public highway." Schimmels' deed contains similar language. Neither deed references Tweeden Lane or access to Okauchee Lake, but both expressly refer to the original recorded plat in the legal description of the property.

¶ 5. In 1997, Noordover constructed a retaining wall and planted hostas entirely within the Tweeden Lane area. In response, Schimmels sued to abate Noordover's use of Tweeden Lane in a manner that he claimed interfered with his property rights as the co-owner of Lot 6.[2]

¶ 6. The action was tried to the circuit court. On January 15, 2004, an oral decision was issued which held in part:[3]

> I do not decide what rights [exist] in relationship to Lots 1, 2, 3, 4 and 5 . . . .
>
> [Or] against Lots 7, 8 and 9.
>
> . . . .
>
> Lot 6 was divided. [And Schimmels] has the right triangle of Lot 6 and [Noordover] has the left triangle of Lot 6. And I only decide what are the rights between the owners of Lot 6.
>
> . . . .
>
> Now, I understand here the argument is that it's a private roadway and the plat map shows the extension. But as indicated earlier, this deed doesn't show it was

---

[2] Schimmels also removed the retaining wall from Tweeden Lane during the pendency of the lawsuit, and there is a separate damages issue that is not presented here as an appellate issue.

[3] Relevant excerpts are taken from various portions of the circuit court's decision.

for ingress and egress to the lake, nor does the testimony establish that that was the purpose for use by the right-hand half of Lot 6.

In these [Lot 6] deeds, language states: "Together with the use in common with others of a private road abutting said premises leading to the highway." These deeds completely lack any reference that the purpose of this private road known as Tweeden Lane was for the purpose of ingress and egress to the lake for purposes of using a bathing beach or fishing or otherwise.

[I]t will be the decision of this Court that the deeds do not grant to [Schimmels] a right of ingress and egress to Okauchee Lake. However, the law of this case allows [Schimmels] the use of Tweeden Lane for ingress and egress to Okauchee Lake and to the public highway. The Court will have to define what ingress and egress to Okauchee Lake can be utilized by [Schimmels].

[T]he ingress and the egress that is granted to [Schimmels] is for the limited purpose of fishing and of swimming.

¶ 7. Findings of Fact and Conclusions of Law memorializing the oral decision were entered on June 16, 2004. The circuit court deleted several items from the Conclusions of Law prior to its approval of the final judgment, including, over Schimmels' objection, the following conclusions:

1. The 1913 Plat is valid and binding on each subdivision owner.

2. The Plat was recorded pursuant to secs. 101.2261, 101.2268 and 101.2269, Stats. (1913).

3. The Private Road on said Plat is held in joint ownership by dedication.

Thus, as of June 16, 2004, the court's conclusions were, in relevant part:

794

4. The recorded Plat and recorded deeds do not afford permitted users of the portion of said Private Road that lies between defendant's lot and Okauchee Lake (the "Subject Roadway") ingress and egress to Okauchee Lake.

6. When Lot 6 was divided, that was the opportunity to clearly reserve certain rights, if they existed, to owners of the right-hand portion of Lot 6.

7. The court's decision is limited to the rights between the plaintiff, William Schimmels, and the defendant, John Noordover, as they relate to the Subject Roadway.

8. It is the law of the case that the plaintiff and defendant have the use of the Subject Roadway for ingress and egress to Okauchee Lake. This ingress and egress shall be limited to fishing and swimming. The subject roadway may not be used for the storage of items, parking of cars, launching boats or taking out things such as a pier or a boat lift.

¶ 8. Schimmels moved for reconsideration or a new trial. He sought reinstatement of the stricken Conclusions of Law as well as reconsideration on several other issues. Noordover responded that "the Court properly struck Conclusions of Law 1, 2, 3 . . . since those were not aspects of the case" and that Schimmels failed "to raise those kinds of issues" during the trial proceedings.

¶ 9. At the reconsideration hearing, Schimmels also requested that Conclusion of Law No. 4, which held that the recorded deeds and Plat do not afford permitted users ingress and egress to Okauchee Lake, be struck from the judgment as unnecessary and inconsistent with Conclusion of Law No. 8, which holds that the law of the case is that Schimmels and Noordover have rights of ingress and egress to Okauchee Lake. Noor-

dover took no position on this request. The circuit court denied the motion to strike Conclusion of Law No. 4 in its entirety, but did substitute "the plaintiff" for "permitted users" in the provision, resulting in a final revision of the Conclusions of Law on August 3, 2004.[4] Schimmels appeals from the original order and from the order denying his motion for reconsideration.

## DISCUSSION

¶ 10. Noordover concedes that "[t]he purpose of Schimmels' lawsuit was in fact to declare the interest of the parties in Tweeden Lane." The central issue on appeal is the legal effect of the existence and placement of the grant of access to Okauchee Lake by way of Tweeden Lane as part of the private road included in Peterson's Plat. We accept the circuit court's determination that the grant of the private road right to Plat owners, including Tweeden Lane, is unambiguous.[5] The meaning of unambiguous documents is a question of law which we review de novo. *Negus v. Madison Gas & Elec. Co.*, 112 Wis. 2d 52, 60, 331 N.W.2d 658 (Ct. App. 1983).

¶ 11. In the circuit court's final determination, Schimmels' right to access Okauchee Lake by Tweeden Lane was as follows:

---

[4] Conclusion of Law No. 4 now reads: "The recorded Plat and recorded deeds do not afford *the plaintiff* the portion of said Private Road that lies between defendant's lot and Okauchee Lake (the 'Subject Roadway') ingress and egress to Okauchee Lake." (Emphasis added.)

[5] The circuit court struck from the proposed Conclusions of Law Conclusion No. 5, which stated: "The grant of the right to use the Subject Roadway is ambiguous, warranting consideration of intrinsic evidence."

The recorded Plat and recorded deeds do not afford [Schimmels] the portion of said Private Road that lies between defendant's lot and Okauchee Lake (the "Subject Roadway") ingress and egress to Okauchee Lake.

We cannot agree. The law regarding platted land and the rights of lot owners reaches back over a century and is well summarized as follows:

> [W]hen the grantee of a lot so platted, purchases it, the existence of the streets as platted, inasmuch as they add value to the lot by the conveniences or advantages which they promise, is an inducement to the purchaser, and so enters into the consideration, as between the grantor and grantee, and operates by way of implied covenant, implied grant, estoppel, or dedication, whichever way of operation may be the truer, to secure to the grantee a right of way over such platted streets, and reciprocally to subject any interest which the grantee may acquire therein to a right of way for the benefit of the other platted lots.

*Chapin v. Brown*, 10 A. 639, 641 (R.I. 1887). More recently, Wisconsin's approach to this historic rule was captured by the Seventh Circuit Court of Appeals:

> One who buys lots with reference to a plat which shows certain streets, ways and places in common, is entitled with all other lot owners in the platted area or subdivision to the use with them of the streets, ways and places in common. Lot owners in the same subdivision whose lots are purchased with reference to the same plat are estopped to deny the use in common with other lot owners in the subdivision.

*Threedy v. Brennan*, 131 F.2d 488, 490 (7th Cir. 1942) (citing *McFarland v. Lindekugel*, 107 Wis. 474, 83 N.W. 757 (1900)); *Donohoo v. Murray*, 62 Wis. 100, 22 N.W. 167 (1885); *Gardiner v. Tisdale*, 2 Wis. 153, 60 Am. Dec.

797

407 (1853). Our supreme court confirmed the impact of a recorded plat on the rights of lot owners when it explained:

> [T]he recording of the plat and conveyance of lots by the owner with reference to the plat constitute[s] the granting of an easement to the purchasers of lots within the subdivision to ingress and egress over said private roadway in common with other lot owners, and the original proprietors and their grantees are estopped to deny the legal existence of such rights of ingress and egress.

*Baurer v. Sokoloff*, 254 Wis. 273, 276, 36 N.W.2d 61 (1949).

¶ 12. Here, Schimmels' portion of Lot 6 was conveyed with express reference to Peterson's Plat, which included the private road to the lakeshore. Noordover argues that the recorded plat does not "include any language related to access to Okauchee Lake." He further contends that the deeds conveying his interest in Lot 6 and Schimmels' interest in Lot 6 provide use of the private road for access to the highway but are silent as to access to Okauchee Lake. Noordover directs us to *Yurmanovich v. Johnston*, 19 Wis. 2d 494, 120 N.W.2d 707 (1963), to support his contention that silence on the issue of lake access demonstrates a lack of intent to provide lake access. In *Yurmanovich*, the recorded plat showed routes for common use by lot owners whose property did not front on the lake, giving them access to the beach. *Id.* at 500. Furthermore, deeds of conveyance expressly stated that grantees were to have access to the roads and to the beach. *Id.* at 500–01.

¶ 13. We agree with the conclusion in *Yurmanovich* that "[b]y recording the plat showing routes giving access to the lake for use in common by the lot owners and by conveying the lots with reference to the plat and

again providing that the grantee shall have access to the lake constituted the granting of easements to appellants who are purchasers of these lots." *Id.* at 501. Although Peterson's Plat does not specifically reference lake access, the Plat clearly includes a private road that provides the only lake access available to several lot owners. A platted private road that provides lake access adds value to the lot by the convenience and advantage it promises; thus, the Plat "secure[s] to the grantee a right of way over such platted streets." *See Chapin,* 10 A. at 641. Furthermore, there is no indication in the Plat or otherwise that the private road shown is somehow removed from the common use once it becomes the artery now known as Tweeden Lane. Consequently, Noordover is "estopped to deny [Schimmels'] use in common with other [Peterson's Plat] lot owners." *See Threedy,* 131 F.2d at 490.

¶ 14. Noordover also contends that because he received permission from the Department of Natural Resources to install the retaining wall on Tweeden Lane, Schimmels, as a Plat lot owner, had no basis to object to the wall. Noordover's own testimony belies that contention:

> What I was told by the DNR is that as long as I'm not adding more rocks to the frontage, I would not have to pull a permit . . . . The Catch 22, unfortunately, is since it's deeded as common land, *all ten [Plat owner] signatures would have been required for even the permit application process* [to add rocks to control shoreline erosion]. (Emphasis added.)

¶ 15. The DNR is equipped to determine whether riparian statutory requirements are met and to allocate the rights of parties who are already determined to be riparian owners. *Town of East Troy v. Flynn,* 169 Wis. 2d 330, 336, 485 N.W.2d 415 (Ct. App. 1992). We are

satisfied that the DNR's representation to Noordover that access to Okauchee Lake by way of Tweeden Lane was subject to the interests of all ten Plat owners was a correct reflection of the controlling law. We do not see, however, how this supports Noordover's position.

¶ 16. As a final matter, the circuit court's order presents an internal inconsistency that we must address. Conclusion No. 4, which holds that Schimmels has no right of ingress and egress to Okauchee Lake by way of Tweeden Lane, is then reframed in Conclusion No. 8 where the circuit court concluded that:

> It is the law of the case that the plaintiff and defendant have the use of [Tweeden Lane] for ingress and egress to Okauchee Lake. This ingress and egress shall be limited to fishing and swimming. The subject roadway may not be used for the storage of items, parking of cars, launching boats or taking out things such as a pier or a boat lift.

We are baffled by the circuit court's conclusion, its spontaneous crafting of partial rights, and particularly by the court's reference to "the law of the case."

¶ 17. The law of the case doctrine has been defined as a "long-standing rule that a decision on a legal issue by an appellate court establishes the law of the case, which must be followed in all subsequent proceedings in the trial court or on later appeal." *Univest Corp. v. General Split Corp.*, 148 Wis. 2d 29, 38, 435 N.W.2d 234 (1989). Our reading of the record and the appellate briefs discloses no support for, or explanation of, the application of the law of the case doctrine, particularly with regard to the circuit court's characterization of Schimmels' rights of ingress and egress as limited to fishing and swimming.

¶ 18. Schimmels raises two additional issues in his appeal. First, he asks whether the owners of the other Peterson's Plat lots are indispensable parties to this litigation. Second, he contends that the circuit court's order reflected the imposition of sanctions that were inappropriate. We need not reach these issues because our decision on Schimmels' primary issue makes further analysis unnecessary. *See Clark v. Waupaca County Bd. of Adjustment*, 186 Wis. 2d 300, 304, 519 N.W.2d 782 (Ct. App. 1994) ("if our decision on one issue disposes of an appeal, we need not review the other issues raised").

## CONCLUSION

¶ 19. We conclude that the Plat, along with the deed referencing the Plat, grants Schimmels ingress and egress to Okauchee Lake by way of the private road now known as Tweeden Lane. The circuit court's order, specifically Conclusion No. 4, which states that "[t]he recorded Plat and recorded deeds do not afford [Schimmels] the portion of said Private Road that lies between defendant's lot and Okauchee Lake (the 'Subject Roadway') ingress and egress to Okauchee Lake" is in error. The rule of law expressed in *Threedy* and *Baurer* controls the issue presented here. Any departure from the proposition that purchasers of lots within a recorded plat have a right to ingress and egress over the private roadway in common with other lot owners is unsupported. The circuit court cannot, by reference to the individual deeds or to the "law of the case," deprive lot owners of rights vested in them by the recorded plat. Therefore, the orders of the circuit court are reversed.

*By the Court.*—Orders reversed.

## APPENDIX B