**COURT OF APPEALS
DECISION
DATED AND FILED**

**February 10, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2024AP1617**

Cir. Ct. No. 2023CV76

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

THOMAS A. SMITH AND LORI A. SMITH,

PLAINTIFFS-RESPONDENTS,

V.

GARRY L. WISKERCHEN AND KIM M. NOVAK,

DEFENDANTS-APPELLANTS,

MICHAEL S. BRANDER, GOWEY ABSTRACT & TITLE COMPANY, INC.,
CHAD M. NIEGELSEN, NEW HORIZONS REALTY OF PRICE COUNTY, LLC
AND JODY DELASKY,

DEFENDANTS.

---

APPEAL from an order of the circuit court for Price County: MICHAEL W. SCHIEK, Judge. *Reversed and cause remanded with directions and for further proceedings*.

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Garry L. Wiskerchen and Kim M. Novak appeal from an order of the circuit court granting Thomas and Lori Smith's[1] motion for summary judgment, wherein the court reformed a deed to include an easement, pursuant to WIS. STAT. § 847.07(1)(a) (2023-24),[2] and created an easement by estoppel. We conclude that material questions of fact remain on the Smiths' reformation claim.[3] We further conclude that the Certified Survey Maps at issue cannot provide the basis for an easement by estoppel claim under the facts of this case. Accordingly, we reverse and remand for further proceedings on the reformation claim consistent with this opinion, and we reverse and remand with directions for the circuit court to grant Wiskerchen and Novak's motion for summary judgment on the Smiths' easement by estoppel claim.

## BACKGROUND

¶2 The Smiths filed the present lawsuit against Wiskerchen and Novak in August 2023, seeking recognition of an easement over Wiskerchen and Novak's property under various legal theories. The Smiths also sought an injunction to maintain access to their residence.

---

[1] Because Thomas and Lori Smith share a surname, we refer to them individually using their first names where appropriate.

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

[3] This appeal pertains only to the Smiths' claims against Wiskerchen and Novak.

¶3 By way of background, in 2020, the Smiths subdivided their property on the Wilson Flowage into four lots by creating and recording Certified Survey Map (CSM) No. 1482. The drafter of CSM No. 1482, and the other three CSMs discussed in this opinion, averred that "[i]n all four Certified Survey Maps, I show an easement road 66' in wid[th] running from Fox Run Road to what is known as Lot 4 of CSM 1482, (Lot 1 in CSM 1509, Lot 4 in CSM 1544, and Lot 4 in CSM 1546)." In addition, CSM No. 1482 contains a key showing the square footage of Lots 1-3, including the footage of the road easement on each of those lots.

¶4 The Smiths transferred CSM No. 1482 Lot 1 to Jeffrey Wilner, Patricia Wilner, Charles Beno, and Amy Beno (hereinafter, "the Wilners") in October 2021 by warranty deed. The deed reserves for the grantor a "perpetual, non-exclusive easement for ingress, egress and utilities over and across that area designated as Road Easement of [CSM] No. 1482 … for the benefit of and appurtenant to Lots 2, 3, and 4."

¶5 On April 10, 2022, Wiskerchen and Novak signed a vacant land offer to purchase CSM No. 1482 Lot 2 from the Smiths. The transaction to purchase Lot 2 was completed on April 14, 2022, at the office of Gowey Abstract & Title Company, Inc., via warranty deed. The April 2022 deed describes the property being purchased as "Lot Two (2) of [CSM] No. 1482." The April 2022 deed does not reserve an easement for the benefit of the Smiths and their remaining lots, but it does convey an easement for the benefit of Wiskerchen and Novak "for ingress/egress and utilities over and across the road. Easement shown on [CSM] No. 1482…."

¶6      On May 24, 2022, Wiskerchen and Novak signed a vacant land offer to purchase additional frontage along the Wilson Flowage from the Smiths.  To accomplish the transaction and provide the additional frontage, the Smiths created and recorded CSM No. 1509.  CSM No. 1509 includes a similar road easement to that depicted in CSM No. 1482.  In addition, CSM No. 1509 contains a key showing the square footage of Lot 2, including the footage of the road easement on that lot.

¶7      In June 2022, the Smiths transferred the additional frontage to Wiskerchen and Novak by warranty deed.  The June 2022 deed describes the property being purchased as "Lot Two (2) of [CSM] No. 1509."  It includes the same easement language as the April 2022 deed.  There was no developed road going to CSM No. 1482 Lot 2 in June 2022 when Wiskerchen and Novak purchased the additional frontage.

¶8      Wiskerchen and Novak acquired CSM No. 1482 Lot 1 from the Wilners in October 2022 by warranty deed.  The deed includes the same easement language as the April and June 2022 deeds.  In April 2023, Wiskerchen and Novak created and recorded CSM No. 1546, which combined their property along the Wilson Flowage into one lot.  CSM No. 1546, like the other CSMs, outlines a road easement and contains a key showing the square footage of Lot 1, including the footage of the road easement on that lot.

¶9      In April 2023, the Smiths agreed to sell a lot to Chad Niegelsen, who also desired frontage on the Wilson Flowage.  To accomplish the transaction and provide the desired frontage, the Smiths created and recorded CSM No. 1544, which, like the other CSMs, includes the road easement.  CSM No. 1544 contains a key showing the square footage of the purchased lot, including the footage of the

road easement on that lot. In April 2023, the Smiths transferred CSM No. 1544 Lot 3 to Niegelsen by warranty deed. The April 2023 deed reserves for the grantor a "perpetual, non-exclusive easement for ingress, egress, and utilities, over and across that 66' designated easement area shown on [CSM No. 1544] Lot 3 … for the benefit of and appurtenant to [CSM No. 1544] Lot 4."

¶10 According to the Smiths' second amended complaint, Wiskerchen confronted the Smiths in May 2023 about the placement of the Smiths' driveway for their home that was being built on CSM No. 1544 Lot 4. The Smiths alleged that Wiskerchen and Novak decided to block off the Smiths' access to Wiskerchen and Novak's property by landscaping the area. The Smiths further stated that they received a letter in July 2023 from Wiskerchen and Novak in which they expressed their belief that "there is a legal easement over" CSM No. 1544 Lot 2, leaving the Smiths' lot without any road access.

¶11 Pertinent to this appeal, the Smiths' lawsuit sought an order correcting the legal descriptions in the April and June 2022 deeds pursuant to WIS. STAT. § 847.07(1)(a) (reformation based on mutual mistake). According to the Smiths, the deeds contain "erroneous description[s]" "not intended by the parties to the conveyance[s]." In the alternative, the Smiths sought a judgment declaring the existence of an easement by estoppel, arguing that the CSMs created the easement, and Wiskerchen and Novak received lots within the CSMs. Thus, according to the Smiths, Wiskerchen and Novak "are estopped to deny the legal

existence of the easement." Later, the Smiths filed a motion for summary judgment on these claims.[4]

¶12     In response to the Smiths' lawsuit, Wiskerchen and Novak raised several defenses. In relevant part, they argued that the Smiths' claim under WIS. STAT. § 847.07 should be dismissed because they failed to state their claim with particularity in their second amended complaint, as required by WIS. STAT. § 802.03(2). Wiskerchen and Novak then filed a motion to dismiss, in which they argued for dismissal of the Smiths' § 847.07 claim pursuant to § 802.03(2). They also filed a motion for summary judgment, arguing that they were entitled to summary judgment on the Smiths' claim under § 847.07 and their claim for easement by estoppel.

¶13     The circuit court granted the Smiths' motion for summary judgment and denied Wiskerchen and Novak's motion for summary judgment. The court stated that the April and June 2022 deeds should have included the easement referenced in the CSMs and that the omission of the easement in the deeds was a "scrivener's error." In addition, the court determined that the CSMs created an easement pursuant to WIS. STAT. § 236.29(1), and, therefore, Wiskerchen and Novak were estopped from preventing the Smiths access to their property to use the easement. *See Schimmels v. Noordover*, 2006 WI App 7, ¶11, 288 Wis. 2d 790, 709 N.W.2d 466 (2005). According to the court, there were no issues of material fact, despite evidence in the record demonstrating that Wiskerchen and

---

[4] The Smiths further argued that they were entitled to summary judgment based on the principle of easement by implication. The circuit court did not address this issue, and the parties do not raise it as a reviewable issue for appeal. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998) ("[A]n issue raised in the trial court, but not raised on appeal, is deemed abandoned.").

Novak "didn't think there was going to be an easement" over their property, because the easement was "referenced at least through other verbiage and other documents." The court did not address or decide Wiskerchen and Novak's motion to dismiss.

¶14    Wiskerchen and Novak now appeal.[5]

## DISCUSSION

### I.  Claim for reformation of the deeds

*A.  WISCONSIN STAT. § 802.03(2) and Wiskerchen and Novak's motion to dismiss*

¶15    We assume without deciding that the Smiths' reformation claim under WIS. STAT. § 847.07 was required to be pled with particularity under WIS. STAT. § 802.03(2).  With this assumption in mind, we conclude that the Smiths' second amended complaint satisfied that standard.  *See **Patrick Fur Farm, Inc. v. United Vaccines, Inc.***, 2005 WI App 190, ¶8 n.1, 286 Wis. 2d 774, 703 N.W.2d 707 (stating that this court decides cases on the narrowest possible grounds).

¶16    In order to satisfy the heightened pleading requirement under WIS. STAT. § 802.03(2), a complaint must allege "the 'who, what, when, where and how'" of the alleged mistake.  *See **Friends of Kenwood v. Green***, 2000 WI App

---

[5] Wiskerchen and Novak's appellate briefs do not comply with WIS. STAT. RULE 809.19(8)(bm), which requires a brief to "have page numbers centered in the bottom margin using Arabic numerals with sequential numbering starting at '1' on the cover."  Our supreme court has explained that this pagination requirement "will match the page number to the page header applied by the eFiling system, avoiding the confusion of having two different page numbers." S. CT. ORDER 20-07, 2021 WI 37, 397 Wis. 2d xiii (eff. July 1, 2021).  We admonish Wiskerchen and Novak's counsel that future violations of the Rules of Appellate Procedure may result in sanctions.  *See* WIS. STAT. RULE 809.83(2).

217, ¶14, 239 Wis. 2d 78, 619 N.W.2d 271 (citation omitted). WISCONSIN STAT. § 847.07(1)(a) provides that "[t]he circuit court of any county in which a conveyance of real estate has been recorded may make an order correcting the description in the conveyance on proof being made to the satisfaction of the court that" "[t]he conveyance contains an erroneous description, not intended by the parties to the conveyance."

¶17    The Smiths' second amended complaint adequately stated the who, what, when, where and how of the alleged mistake underlying their WIS. STAT. § 847.07 claim. The complaint included a complete history of the facts leading to the lawsuit, including an outline, with dates and exhibits, of the CSMs, the relevant deeds, and the parties involved. Furthermore, it explained the basis for the Smiths' belief that the April and June 2022 deeds incorrectly omitted the easement contained in the CSMs, contrary to the parties' intent. In particular, the Smiths alleged that the deeds' drafter erroneously excluded the easement and that this omission was a mistake, as evidenced by the CSMs and the parties' conduct. The Smiths further alleged that Wiskerchen and Novak acknowledged this mistake when Wiskerchen informed Thomas that he "understood that the Easement runs across [CSM No. 1544] Lots 1 and 2 … and apologized" for preventing access to their property for use as an easement. We conclude that these allegations were sufficient to allege mistake under the heightened pleading standard, and the circuit court did not err by addressing the parties' motions for summary judgment without dismissing the second amended complaint.

*B. Summary judgment on the Smiths' reformation claim*

¶18    We review a grant of summary judgment de novo, using the same methodology as the circuit court. *Yahnke v. Carson*, 2000 WI 74, ¶10, 236

Wis. 2d 257, 613 N.W.2d 102. Summary judgment shall be awarded if "there is no genuine issue as to any material fact and … the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).

¶19 As noted above, WIS. STAT. § 847.07(1)(a) grants a circuit court the power to order a conveyance corrected if the conveyance "contains an erroneous description, not intended by the parties to the conveyance." "The party who seeks reformation must offer clear and convincing proof that both parties intended to make a different instrument and had agreed on facts that were different than those set forth on the instrument." *Chandelle Enters., LLC v. XLNT Dairy Farm, Inc.*, 2005 WI App 110, ¶18, 282 Wis. 2d 806, 699 N.W.2d 241. "A mistake is only mutual if it is reciprocal and common to both parties." *Id.*, ¶20. "Whether a mutual mistake has occurred is an issue of fact." *State Bank of La Crosse v. Elsen*, 128 Wis. 2d 508, 517, 383 N.W.2d 916 (Ct. App. 1986).

¶20 Here, there remain genuine issues of material fact precluding summary judgment on the Smiths' reformation claim based upon mutual mistake. Specifically, the record reflects that the parties dispute whether Wiskerchen and Novak had notice that the Smiths claimed an easement over Wiskerchen and Novak's property or that such an easement existed at the time of the conveyances.

¶21 According to Wiskerchen, he and Novak met with Thomas and the Smiths' real estate agent on April 10, 2022, and "[t]here was no discussion of an easement across" their property. Wiskerchen averred that he, Novak, the Smiths, and the Smiths' agent were present for the closing on April 14, 2022, and that an employee of Gowey Abstract "read all of the closing documents to those in attendance." These documents included the April 2022 "deed and its legal description." Wiskerchen stated that, at the time of the April 2022 closing, "no

one raised an objection to the wording of the deed and no one indicated the deed should reserve an easement for [the Smiths]." Likewise, Novak testified at a preliminary injunction hearing that no discussion took place between the Smiths and Wiskerchen and Novak prior to either the April or June 2022 closings regarding "the Smiths reserving an easement."

¶22 Furthermore, Thomas testified at the injunction hearing that he and Lori owned a house on CSM No. 1482 Lot 3 in June 2022 and that they had access from that lot to Fox Run Road without use of an easement over CSM No. 1482 Lot 2. Thomas agreed that "there was no developed road going to Lot 2" in June 2022 when Wiskerchen and Novak purchased the additional frontage. Likewise, the Smiths did not sell CSM No. 1544 Lot 3 to Niegelsen and begin building a residence on CSM No. 1544 Lot 4 until after the April and June 2022 closings. These facts create genuine issues of fact for trial as they demonstrate that Wiskerchen and Novak may not have intended to have an easement included in the conveyances.

¶23 On the other hand, the Smiths contest Wiskerchen and Novak's assertions, stating that they met with Wiskerchen and Novak prior to the April 2022 closing and discussed the location of the easement. The Smiths further cite to Wiskerchen's alleged concession of the easement in June 2023 during the Smiths' construction of their home on CSM No. 1544 Lot 4. Furthermore, the Smiths point to the affidavit of the drafter of the CSMs, in which he attested that, "[w]hile locating corners and lines" at an undated time and location, Wiskerchen informed him that Wiskerchen "knew there was an easement across his property to access the Smith property."

¶24      To the extent that these factual issues go to Wiskerchen and Novak's intent at the time of the conveyances, they will ultimately need to be decided by the trier of fact.[6]  *See Yahnke*, 236 Wis. 2d 257, ¶11 ("[A] circuit court does not decide issues of credibility on summary judgment.").

¶25      The Smiths further argue that the circuit court properly granted their motion for summary judgment on their reformation claim because, regardless of these factual issues, the parties' intent is evidenced by the CSMs, a title commitment document from the April 2022 closing, and an ordinance requiring easements leading to public highways.

¶26      Regarding the CSMs, Novak testified at the injunction hearing that she was unsure if CSM No. 1509 provides an easement to CSM No. 1509 Lot 1. While the drafter of the CSMs and a surveyor both averred that CSM Nos. 1482 and 1509 provide a road easement from Fox Run Road to that lot, WIS. STAT. § 847.07(1)(a) concerns the intent of "the parties to the conveyance." *See Chandelle Enters., LLC*, 282 Wis. 2d 806, ¶18.  The drafter of the CSMs and the surveyor are not parties to the conveyances.  Regardless, Novak testified at the injunction hearing that she had not seen CSM Nos. 1482 and 1509 until after the April and June 2022 conveyances, and CSM Nos. 1544 and 1546 were created *after* the conveyances at issue.

---

[6] Wiskerchen and Novak argue that the parol evidence rule would prevent the circuit court from hearing evidence of their intent to the extent that evidence exists outside of the April or June 2022 deeds.  They are incorrect.  The parol evidence rule does not apply to evidence of mutual mistake. *Town Bank v. City Real Est. Dev., LLC*, 2010 WI 134, ¶¶36-37, 330 Wis. 2d 340, 793 N.W.2d 476; *Badger Sav. Bldg. & Loan Ass'n v. Mutual Bldg. & Sav. Ass'n*, 230 Wis. 145, 152, 283 N.W. 466 (1939) ("Parol evidence to establish fraud or mutual mistake in actions for reformation is universally admitted.  If it were not, these remedies would be wholly unenforcible.").

¶27     Importantly, the two offers to purchase and the April and June 2022 deeds do not include language providing an easement for the benefit of the Smiths over Wiskerchen and Novak's lot.  In fact, the deeds describe an easement for the *benefit of Wiskerchen and Novak*.  Absent language providing an easement for the benefit of the Smiths, the CSMs do not demonstrate that Wiskerchen and Novak intended, as a matter of undisputed fact, the conveyances to include the easement.  Thus, even if the CSMs undoubtedly show an easement over Wiskerchen and Novak's lot, there remain material issues of fact as to the parties' intent under WIS. STAT. § 847.07(1)(a).

¶28     Likewise, absent evidence of Wiskerchen and Novak's knowledge of the ordinance and its applicability to their property, the ordinance cited by the Smiths does nothing to demonstrate Wiskerchen and Novak's intent to include an easement in the conveyances.  Regardless, the relevance of the ordinance to WIS. STAT. § 847.07(1)(a) is questionable as to Wiskerchen and Novak's intent at the time of the conveyances.  As explained above, the Smiths owned CSM No. 1482 Lot 3 and had access to Fox Run Road at the time of the April and June 2022 closings.  If Thomas's testimony from the injunction hearing is taken as true, there was no developed road over Wiskerchen and Novak's property at the time of the closings, and all lots were arguably in compliance with the ordinance in April and June 2022.

¶29     With respect to the title commitment, that document named Wiskerchen and Novak as the proposed insureds for CSM No. 1482 Lot 2.  The document identified the easement outlined in CSM No. 1482 and contained an exception to coverage for loss or damage resulting from the terms and provisions of any lease or easement, including the "Road Easement made evident by and shown on that [CSM] No. 1482 …."  (Formatting altered.)

¶30     Wiskerchen and Novak contend that the exception contained in the title commitment is not, as a matter of law or undisputed fact, indicative of their intent to include the easement in the conveyances. Wiskerchen and Novak further contend that the title commitment was provided to them "after the[ir] offer to purchase" in April 2022. The Smiths do not respond to these arguments, and we therefore deem them conceded for purposes of this appeal. *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (holding that a failure to refute an argument may constitute a concession). Even so, "a title insurance commitment … is an offer of title insurance" describing "the property as the title insurer is willing to insure it." *Columb v. Cox*, 2022 WI App 32, ¶18, 404 Wis. 2d 50, 978 N.W.2d 481 (citation omitted). It is not an insurance policy. *See id.*, ¶¶18-19. Neither Wiskerchen's nor Novak's signature appears on the title commitment, and the Smiths cite to no evidence in the record demonstrating that Wiskerchen and Novak reviewed the document prior to the April or June 2022 closings.

¶31     The Smiths next claim that the intent of the parties is self-evident because "[t]here is NO other location where the easement would fit." Wiskerchen and Novak counter that the record lacks any factual support for the Smiths' assertion and that, regardless, this fact is not material to the issue of mutual mistake because the Smiths had access to Fox Run Road at the time of the conveyances between the Smiths and Wiskerchen and Novak. Again, the Smiths do not respond to these arguments, and we deem them conceded for purposes of this appeal. *See Charolais Breeding Ranches, Ltd.*, 90 Wis. 2d at 109.

¶32     Because there remain genuine issues of material fact, the circuit court erred by granting the Smiths' motion for summary judgment on their WIS. STAT. § 847.07(1)(a) claim. Given this conclusion, we decline Wiskerchen and

Novak's invitation to reverse with directions for the court to grant their motion for summary judgment.

## II. Claim of easement by estoppel

¶33 The Smiths also argue, as they did in the circuit court, that easement by estoppel is recognized in Wisconsin and is premised on the idea that "when a recorded map used as a basis for the conveyance discloses on its face the existence of an easement, the lot owners cannot deny its existence." (Formatting altered.) To an extent, Wiskerchen and Novak agree. They state that "[a] number of cases in Wisconsin have held that when there is … a dedication [pursuant to WIS. STAT. ch. 236] in a plat to the public or to private owners, other lot owners of the plat are estopped from challenging use in accordance with the dedication."

¶34 The parties disagree, however, whether CSMs can form the basis for an easement by estoppel claim if they do not comply with the plat requirements in WIS. STAT. ch. 236. Wiskerchen and Novak assert that the CSMs in this case did not comply with the plat requirements in ch. 236 and, consequently, cannot form the basis for the Smiths' claim. Conversely, the Smiths argue that although the Wisconsin cases applying easement by estoppel considered plats rather than CSMs, "the rationale underlying their holdings should extend to [CSMs]." (Formatting altered.) The circuit court appeared to adopt the Smiths' position in granting their motion for summary judgment on this claim.

¶35 The easement by estoppel doctrine dictates that "[o]ne who buys lots with reference to a plat which shows certain streets, ways and places in common, is entitled with all other lot owners in the platted area or subdivision to the use with them of the streets, ways and places in common." *Schimmels*, 288 Wis. 2d 790, ¶11 (citation omitted). "Lot owners in the same subdivision whose lots are

purchased with reference to the same plat are estopped to deny the use in common with other lot owners in the subdivision." *Id.* (citation omitted). Stated differently,

> [w]hen the grantee of a lot so platted, purchases it, the existence of the streets as platted, inasmuch as they add value to the lot by the conveniences or advantages which they promise, is an inducement to the purchaser, and so enters into the consideration, as between the grantor and grantee, and operates by way of … estoppel.

*Id.* (citation omitted).

¶36    The Smiths do not cite any binding authority holding that CSMs may form the basis of an easement by estoppel claim.[7]   Indeed, the Wisconsin requirements for plat maps and CSMs are vastly different.  These differences are significant because the easement by estoppel doctrine is premised on the idea that a plat that complies with WIS. STAT. ch. 236 is dispositive evidence of ownership and use of an easement.  *See Baurer v. Sokoloff*, 254 Wis. 273, 276, 36 N.W.2d 61 (1949).

¶37    Under WIS. STAT. § 236.29(1),

> When any plat is certified, signed, acknowledged and recorded as prescribed in this chapter, every donation or grant to the public or any person, society or corporation marked or noted as such on said plat shall be deemed a sufficient conveyance to vest the fee simple of all parcels of land so marked or noted, and shall be considered a general warranty against such donors, their heirs and assigns to the said donees for their use for the purposes therein expressed

---

[7] Rather, the Smiths rely on an excerpt from a Wisconsin-based secondary source, where the authors acknowledge that Wisconsin's easement by estoppel jurisprudence concerns "plats rather than certified survey maps" but opined that "the rationale underlying [those cases] should extend to certified survey maps." *See* Melanie S. Lee, et al., *Wisconsin Law of Easements and Restrictive Covenants*, § 2.25 (6th ed. 2022).

> and no other; and the land intended for the streets, alleys, ways, commons or other public uses as designated on said plat shall be held by the town, city or village in which such plat is situated in trust to and for such uses and purposes.

Most notably, to entitle a plat to be recorded, a certificate "by the owner of the land" shall appear on the plat. WIS. STAT. § 236.21(2)(a). The certificate must be in substantially the following form:

> As owner I hereby certify that I caused the land described on this plat to be surveyed, divided, mapped and dedicated as represented on the plat. I also certify that this plat is required by [WIS. STAT. §§] 236.10 or 236.12 to be submitted to the following for approval or objection: (list of governing bodies required to approve or allowed to object to the plat).

The certificate "shall be signed by the owner, the owner's spouse, and all persons holding an interest in the fee of record or by being in possession and, if the land is mortgaged, by the mortgagee of record." *Id.*

¶38 A CSM "may be used for dedication of streets and other public areas, and for granting easements to the public or any person … *when owners' certificates and mortgagees' certificates which are in substantially the same form as required by* [*WIS. STAT. §*] *236.21(2)(a) have been executed*" *and* the pertinent governing bodies "involved have approved such dedication or grant." WIS. STAT. § 236.34(1m)(e) (emphasis added). Only when these requirements have been met will a CSM "have the force and effect provided by [WIS. STAT. §] 236.29." Sec. 236.34(1m)(e). The Smiths do not contend that the CSMs at issue complied with § 236.34(1m)(e).

¶39 Under the facts of this case, we see no basis to extend the doctrine of easement by estoppel based on CSMs that undisputedly do not satisfy the recording standard in WIS. STAT. § 236.34(1m)(e). Without compliance with

§ 236.34(1m)(e), the CSMs at issue do not dispositively evidence ownership and use as would a recorded plat.

¶40 Accordingly, we reverse the circuit court's order granting the Smiths' motion for summary judgment, and we remand for further proceedings on that claim consistent with this opinion. As part of this disposition, and in particular, we reverse and remand with directions for the circuit court to grant Wiskerchen and Novak's motion for summary judgment on the Smiths' easement by estoppel claim.

*By the Court.*—Order reversed and cause remanded with directions and for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.